Jerry L. WASHINGTON,
Petitioner-Appellant,

v.

UNITED STATES of America,
Respondent-Appellee.

No. 77-2955
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

April 27, 1978.

P. Bruce Kirwan, Atlanta, Ga., for petitioner-appellant.

William L. Harper, U. S. Atty., Robert H. McKnight, Jr., Asst. U. S. Atty., Atlanta, Ga., for respondent-appellee.

Before GOLDBERG, AINSWORTH, and HILL, Circuit Judges.

* Rule 18, 5 Cir., see *Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al.*, 5 Cir., 1970, 431 F.2d 409.

PER CURIAM:

Jerry Washington consented to trial before a U.S. Magistrate on the minor offense of obstructing the U.S. Mail, a violation of 18 U.S.C. § 1701. He pleaded guilty, was convicted, and was sentenced to serve six months. The execution of the prison sentence was suspended, and Washington was placed on probation for 18 months. He was also fined $100.

Several months later Washington was adjudged in violation of the terms of his probation, and probation was revoked. He was ordered to serve 60 days in prison, make restitution to the government for transporting him from Los Angeles, California, to the district court in Atlanta, Georgia. The magistrate also ordered that the period of probation be extended for two years.

Washington again violated the terms of probation, and he was again ordered to serve part of his prison term. He was again ordered to make restitution to the government for transportation expenses. Shortly after the second probation revocation Washington filed two motions to vacate sentence. 28 U.S.C. § 2255, attacking both probation revocations. The magistrate acted on the motions and issued findings of fact and conclusions of law in which the motions were denied. The district court clerk entered judgment on the magistrate's order, and Washington filed a notice of appeal. The record does not indicate that a district judge at any time referred the § 2255 motions to the magistrate or reviewed the findings and conclusions. According to the record, no district judge has acted in the premises at all.

The order rendered in this case by the magistrate is not a final judgment of the district court which would invoke jurisdiction of this Court. 28 U.S.C. § 1291. Nor is the order appealable under any other statute. This Court has no jurisdiction. The appeal is dismissed. *United States v. Cline*, 566 F.2d 1220 (5th Cir., 1978).