**William W. CASON, Plaintiff-Appellant,**

v.

**Mary A. OWEN, Chief, Civilian Pay, Keesler Air Force Base, Mississippi, and Mary Ann Cason, Defendants-Appellees.**

No. 78–1255
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Aug. 17, 1978.

---

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir. 1970, 431 F.2d 409, Part I.

Before GODBOLD, RONEY and RUBIN, Circuit Judges.

PER CURIAM:

Like all federal courts, this Court has limited jurisdiction and is required to consider on its own motion whether Congress has given it authority to hear an appeal, agreeably with the Constitution. Finding that we lack jurisdiction of this appeal in its present posture, we must, and do hereby, dismiss the appeal for the following reasons:

1. The decision sought to be appealed was entered by a magistrate. It is doubtful that the magistrate has the power to render such a decision under the statute defining the powers of magistrates 28 U.S.C. § 636(b). *TPO, Inc. v. McMillen*, 7 Cir. 1972, 460 F.2d 348, decided prior to the 1976 and 1977 amendments to § 636(b). Even if, however, the magistrate had the power to decide, only a district judge can enter a final judgment in a civil case. *Kendall v. Davis*, 5 Cir. 1978, 569 F.2d 1330; *United States v. Cline*, 5 Cir. 1978, 566 F.2d 1220. *See also, Washington v. United States*, 5 Cir. 1978, 571 F.2d 1348. The district judge has never, apparently, entered any judgment. Under 28 U.S.C. § 1291, this Court has jurisdiction of appeals from "final decisions of the district courts of the United States." The decision of a magistrate is not a final decision of a district court. This is a jurisdictional defect that we must ourselves note. *Hardin v. M/V Ben Candies*, 5 Cir. 1977, 549 F.2d 395, 396; *B. B. Adams General Contractors, Inc. v. Department of Housing and Urban Development*, 5 Cir. 1974, 501 F.2d 176, 177.

2. The decision dismissing the federal party is not a "final decision" because it does not terminate the case. *Local Union 1888, American Federation of State, County and Municipal Employees, AFL–CIO v. City of Jackson, Mississippi*, 5 Cir.

Gertrude A. Reid, Biloxi, Miss., for plaintiff-appellant.

Robert E. Hauberg, U. S. Atty., L. K. Travis, Asst. U. S. Atty., Jackson, Miss., for Mary A. Owen, Chief, Civilian Pay, KAFB.

1973, 473 F.2d 1028. In a case involving multiple parties, dismissal of one party is not appealable absent a certification by the district court that complies with Rule 54(b), Federal Rules of Civil Procedure. *Melancon v. Insurance Co. of North America,* 5 Cir. 1973, 476 F.2d 594.

We pretermit the question whether, if the district judge had entered a judgment dismissing the federal party, and thus terminated the previous state temporary injunction, this would have been the kind of interlocutory order appealable under 28 U.S.C. § 1292(a). *See Holton v. Crozer-Chester Medical Ctr.,* 3 Cir. 1977, 560 F.2d 575, 577; *McNally v. Pulitzer Publishing Co.,* 8 Cir. 1976, 532 F.2d 69, 73; *Siff v. State Democratic Executive Committee,* 5 Cir. 1974, 500 F.2d 1307; *McCoy v. Louisiana State Board of Education,* 5 Cir. 1965, 345 F.2d 720, 721. *Compare Local Union 1888, American Federation of State, County and Municipal Employees, AFL–CIO v. City of Jackson, Mississippi, supra.*

Appeal DISMISSED.