614 F.2d 77
 Mrs. Susie Lite MORRISON and Clarence Morrison, Sr., Mother
and Father of Deceased Clarence Morrison, Jr.,
suing on their behalf and as
Administrators of Clarence
Morrison, Jr.,
Plaintiffs-
Appellants,
v.
CITY OF BATON ROUGE et al., Defendants-Appellees.
 No. 79-2532
 
 Summary Calendar.*
 United States Court of Appeals,
Fifth Circuit.
 March 20, 1980.
 Murphy W. Bell, Baton Rouge, La., for plaintiffs-appellants.
 Watson, Blanche, Wilson & Posner, George K. Anding, Jr., Baton Rouge, La., for defendants-appellees.
 Appeal from the United States District Court for the Middle District of Louisiana.
 Before BROWN, TJOFLAT and FRANK M. JOHNSON, Jr., Circuit Judges.
 PER CURIAM:
 
 
 1
 This action, filed pursuant to 42 U.S.C.A. §§ 1983, 1985, 1988 and the 14th Amendment arose out of an unfortunate incident in which the Appellants' son, a fourteen-year-old black boy, was shot and killed by a white Baton Rouge police officer. The Morrisons sued the City, the Mayor, the Chief of Police, the police officer and the District Attorney for East Baton Rouge Parish, alleging a violation of their son's constitutional rights by the Baton Rouge Police Department's "policy of summary punishment of blacks by white policemen when the former (are) found in incriminating situations."
 
 
 2
 The particular allegation against the District Attorney, Ossie B. Brown, was that he used the grand jury investigation procedure as a "legal backup" to support these arbitrary actions by the police department. The District Court granted Brown's motion to dismiss the action because the complaint failed to state a claim against the defendant upon which relief could be granted, relying on Imbler v. Pachtman, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976), which establishes immunity for District Attorneys from suits arising out of performance of their prosecutorial duties. The Morrisons now appeal this ruling.
 
 
 3
 Although the District Court dismissed the action against this particular party, it did not enter a final judgment to that effect in accordance with F.R.Civ.P. 54(b). In the absence of a certificate complying with this rule, there is no appealable final judgment, and we have no jurisdiction to consider this appeal. Cason v. Owen, 578 F.2d 572, 574 (5th Cir. 1978); Kirtland v. J. Ray McDermott & Co., 568 F.2d 1166, 1168-69 (5th Cir. 1978). Therefore, the appeal is
 
 
 4
 DISMISSED.
 
 
 
 *
 Fed.R.App.P. 34(a); 5th Cir. R. 18