**Wordy Jack THOMPSON, Jr.,
Plaintiff-Appellant,**

v.

**Judge Charles O. BETTS,
Defendant-Appellee.**

No. 84–1635
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

March 11, 1985.

1244

Herbert Green, Jr., Dallas, Tex., for plaintiff-appellant.

Jim Mattox, Atty. Gen., Scott Lyford, Austin, Tex., for defendant-appellee Judge Charles O. Betts.

Before RUBIN, RANDALL and TATE, Circuit Judges.

RANDALL, Circuit Judge:

Plaintiff-appellant Wordy Jack Thompson, Jr., appeals an order of the district court dismissing all claims against Judge Charles O. Betts, a visiting judge of the 256th Judicial District Court of Texas. Judge Betts is one of two defendants named in this civil rights action brought by Thompson to redress alleged violations of his constitutional rights resulting from the institution of contempt proceedings against him and his subsequent incarceration in the Dallas County Jail. The district court dismissed the claims against Judge Betts on the ground of absolute judicial immunity. Because we conclude that the dismissal of a single codefendant on the basis of judicial immunity is not an appealable order absent certification by the district court under Federal Rule of Civil Procedure 54(b), we dismiss this case for lack of subject matter jurisdiction.

I.

This case arises out of a domestic relations suit instituted by Betty Dean Thompson in state court to enforce certain temporary orders of support against her husband, Wordy Jack Thompson, Jr. (Thompson). Judge Charles O. Betts (Betts), presiding over the case, found that Thompson had failed to pay his daughter's tuition and $2,000 in attorney's fees as previously ordered by the court. As a result, Betts held that Thompson was in contempt of court and ordered him confined to the Dallas County Jail until he paid the amounts but, in any event, for a period not less than six days. Thompson subsequently sought and

obtained habeas corpus relief in state court.

On October 7, 1983, Thompson brought the instant action in the District Court for the Northern District of Texas under 42 U.S.C. §§ 1981–1985 against Betts and Linda S. Aland (Aland), the attorney who represented Thompson's wife in the state enforcement proceeding. In his complaint, Thompson alleged that Betts and Aland had conspired to and did in fact deprive him of various constitutional rights by prosecuting him for contempt of court and incarcerating him in the county jail. Thompson sought money damages and attorney's fees as well as an FBI investigation under 18 U.S.C. §§ 241–244.

In response to the complaint, Betts moved to dismiss on the ground of absolute judicial immunity. The district court granted this motion, finding that Betts at all times had acted within his judicial capacity. *See Stump v. Sparkman*, 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978); *Pierson v. Ray*, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967). From this order, Thompson appeals. We must assume from the lack of any indication otherwise in the record that the case against Aland is still pending in district court.

## II.

■ It is, of course, axiomatic that, as courts of limited jurisdiction, we are obliged to examine the basis of our own jurisdiction. Thus, although both parties assert that this court has jurisdiction over this appeal, we must on our own motion address whether the order is appealable. *See, e.g., United States v. Garner*, 749 F.2d 281, 284 (5th Cir.1985); *Koke v. Phil-*

*lips Petroleum Co.*, 730 F.2d 211, 214 (5th Cir.1984).

■ Under 28 U.S.C. § 1291, courts of appeals have "jurisdiction of appeals from all final decisions of the district courts of the United States." As a general rule, an order is final only when it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 467, 98 S.Ct. 2454, 2457, 57 L.Ed.2d 351 (1978) (quoting *Catlin v. United States*, 324 U.S. 229, 65 S.Ct. 631, 89 L.Ed. 911 (1945)). Federal Rule of Civil Procedure 54(b) provides that, when an action, such as the one here, involves multiple parties, any decision that adjudicates the liability of fewer than all the parties does not terminate the action unless the district court (1) expressly determines that there is no just reason for delay and (2) expressly directs the entry of judgment. Fed.R. Civ.P. 54(b).[1] It is well established that, "[i]n the absence of a certification by the district court that meets these two requirements, a partial disposition of a multi-claim or multi-party action does not qualify as a final decision under Section 1291 and is ordinarily an unappealable interlocutory order." *Huckeby v. Frozen Food Express*, 555 F.2d 542, 545–46 (5th Cir.1977); *see also Mullins v. Nickel Plate Mining Co.*, 691 F.2d 971, 973 (11th Cir.1982); *Arango v. Guzman Travel Advisors Corp.*, 621 F.2d 1371, 1374 (5th Cir.1980).

■ Although the district court in the instant case dismissed the claims against Betts, the claims against Aland are still in the process of being adjudicated in the court below. There is no hint in the record that the district court certified its order as

---

1. Fed.R.Civ.P. 54(b) provides:

    *Judgment Upon Multiple Claims or Involving Multiple Parties.* When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express di-

    rection for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

a final judgment under rule 54(b) or that the parties even sought such a ruling. Thus, because the district court's order has not been certified under rule 54(b), the order does not constitute a final judgment within the meaning of 28 U.S.C. § 1291. *Morrison v. City of Baton Rouge*, 614 F.2d 77, 78 (5th Cir.1980); *Cason v. Owen*, 578 F.2d 572, 574 (5th Cir.1978); *B.B. Adams General Contractors, Inc. v. Department of Housing & Urban Development*, 501 F.2d 176, 177 (5th Cir.1974).

■■■ We may, nonetheless, exercise jurisdiction over the district court's order irrespective of the absence of rule 54(b) certification if one of the exceptions to the final judgment rule applies. *Huckeby, supra*, at 546. Specifically, the district court's order would be subject to interlocutory appeal if it "fall[s] in that small class [of orders] which finally determined claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 546, 69 S.Ct. 1221, 1225–6, 93 L.Ed. 1528 (1949).[2]

■■■ An order is appealable under the *Cohen* collateral order doctrine if it (1) conclusively determines the disputed controversy, (2) resolves an important issue completely separate from the merits of the action, and (3) is effectively unreviewable on appeal from a final judgment. *Flanagan v. United States*, — U.S. —, 104 S.Ct. 1051, 1055, 79 L.Ed.2d 288 (1984); *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 375, 101 S.Ct. 669, 674, 66 L.Ed.2d 571 (1981). We recently applied this exception in *Williams v. Collins*, 728 F.2d 721 (5th Cir.1984), to hold that a district court's denial of a motion to dismiss on the ground of absolute immunity was immediately appealable. We reasoned in

*Williams* that, because absolute immunity protects a defendant from trial as well as liability, a defendant's right to absolute immunity would be irretrievably lost if the review of a district court's order rejecting the defense were postponed until after trial. The defendant who unsuccessfully asserts the absolute immunity defense in district court can only receive full and effective review in an appeal taken before the continuation of proceedings. *Id.* at 726; *cf. Kenyatta v. Moore*, 744 F.2d 1179, 1183–86 (5th Cir.1984) (holding that denial of claim of qualified immunity is not immediately appealable since it is designed to provide a lesser measure of protection).

■■■ In contrast to *Williams*, the instant case involves the *granting*, not the *denial*, of a motion to dismiss based on absolute immunity. An appellant's objection to the district court's order in this context is in no danger of becoming moot if appellate consideration is delayed until final judgment. Were we on appeal from final judgment to find that the district court erred in holding that Betts' judicial immunity shielded him from Thompson's claims, the pertinent part of the district court's judgment would presumably be reversed and the case remanded for further proceedings. At the subsequent trial, Thompson, if so entitled, would be able to obtain the full relief sought in his original complaint. By the delay in review, therefore, Thompson faces no greater risk of harm than that which confronts any litigant unable to appeal immediately an interlocutory order due to the lack of a rule 54(b) certificate. Thus, because the district court's order is capable of being fully and effectively reviewed after final judgment, we conclude that the *Cohen* collateral order doctrine is inapplicable in the case at hand and that consequently we lack subject matter jurisdiction over the appeal.[3]

**2.** Since it is manifest that none of the other exceptions to the final judgment rule even remotely applies in this case, we discuss only the applicability of the *Cohen* collateral order doctrine. The district court's order has not been certified pursuant to 28 U.S.C. § 1292(b) and

clearly does not effectively grant, deny, or modify an injunction. *See id.* § 1292(a).

**3.** Although failing to consider the applicability of the *Cohen* collateral order doctrine, we held in *Morrison v. City of Baton Rouge, supra*, that a

III.

For the reasons stated above, we hold that the district court's order is not appealable pending final judgment. Accordingly, this appeal is

DISMISSED.

district court's granting of a motion to dismiss on the basis of a prosecutor's immunity from suit was not subject to interlocutory appeal since the order did not adjudicate the rights and liabilities of all the parties and was not certified under rule 54(b). At least for our purposes here, the prosecutor is cloaked with the same absolute immunity from suit enjoyed by judges. *See Imbler v. Pachtman,* 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976).