5 F.3d 147
 SAULT STE. MARIE TRIBE OF CHIPPEWA INDIANS; Grand Traverse
Band of Ottawa and Chippewa Indians; Keweenaw Bay Indian
Community; Hannahville Indian Community; Bay Mills Indian
Community; and Lac Vieux Desert Band of Lake Superior
Chippewa Indians, Plaintiffs-Appellants,
v.
STATE of MICHIGAN, Defendant-Appellee.
 No. 92-1683.
 United States Court of Appeals,
Sixth Circuit.
 Argued June 18, 1993.
Decided Sept. 15, 1993.
 
 Daniel T. Green (briefed), Sault Ste. Marie, MI, Bruce R. Greene (argued and briefed), Boulder, CO, for Sault Ste. Marie Tribe of Chippewa Indians.
 William Rastetter, Cedar, MI, John F. Petoskey, Suttons Bay, MI, for Grand Traverse Band of Ottawa & Chippewa Indians.
 Joseph P. O'Leary, Baraga, MI, for Keweenaw Bay Indian Community.
 Dawn S. Duncan, Hannahville Indian Community, Wilson, MI, John M. Peebles, Peebles & Evans, Omaha, NE, for Hannahville Indian Community.
 Anthony E. Andary, Andary & Andary, Sault Ste. Marie, MI, for Bay Mills Indian Community.
 Elizabeth A. Paczesny, Lac Vieux Desert Band of Lake Superior Chippewa Indians, Watersmeet, MI, for Lac Vieux Desert Band of Lake Superior Chippewa Indians.
 Nelson W. Westrin, Office of the Atty. Gen., Finance & Development, Keith D. Roberts, Asst. Atty. Gen. (argued and briefed), Lansing, MI, for state of Mich.
 Hans Walker, Jr. (briefed), Hobbs, Straus, Dean & Wilder, Washington, DC, for amicus curiae National Indian Gaming Ass'n.
 Thomas F. Gede (briefed), Sp. Asst. Atty. Gen., Sacramento, CA, for amicus curiae state of Cal.
 Before: NELSON and SUHRHEINRICH, Circuit Judges; and CELEBREZZE, Senior Circuit Judge.
 SUHRHEINRICH, Circuit Judge.
 
 
 1
 In this interlocutory appeal brought under the Indian Gaming Regulatory Act (IGRA), 25 U.S.C. Secs. 2701-2721, plaintiffs Sault Ste. Marie Tribe of Chippewa Indians, Grand Traverse Band of Ottawa and Chippewa Indians, Keweenaw Bay Indian Community, Hannahville Indian Community, Bay Mills Indian Community, and Lac Vieux Desert Band of Lake Superior Chippewa Indians challenge the district court's order dismissing their suit against defendant the State of Michigan (Michigan) under the Eleventh Amendment. For the following reasons, we DISMISS this appeal for lack of jurisdiction.
 
 I.
 
 2
 In 1988, Congress enacted IGRA to regulate the use of gaming by Indian tribes "as a means of promoting tribal economic development, self-sufficiency, and strong tribal governments...." 25 U.S.C. Sec. 2702(1). IGRA distinguishes between three classes of gaming. Class I gaming consists of social gaming for "prizes of minimal value" or traditional Indian games, and is not subject to regulation. 25 U.S.C. Secs. 2703(6), 2710(a). Class II gaming consists of bingo and certain card games, and is subject to the exclusive jurisdiction of the Indian tribes as long as the state in which the tribe is located permits such gaming for any purpose. 25 U.S.C. Secs. 2703(7), 2710(b). Class III gaming includes all other forms of gaming, such as blackjack, video games of chance, and slot machines, and is allowed only if the state in which the tribe is located allows these games for any purpose. 25 U.S.C. Secs. 2703(8), 2710(d)(1)(B). To operate Class III gaming, there must be a Tribal-State compact governing operation of the games. 25 U.S.C. Sec. 2710(d)(1)(C). Tribes must request their states to negotiate such a compact, and states must then negotiate in good faith. 25 U.S.C. Sec. 2710(d)(3)(A).
 
 
 3
 If a state does not so negotiate, a tribe may sue the state in district court. 25 U.S.C. Sec. 2710(d)(7)(A)(i). Upon a finding that the state has not acted in good faith, the court may order the parties to reach a compact within sixty days. 25 U.S.C. Sec. 2710(d)(7)(B)(iii). If they fail to do so, the court may appoint a mediator to select a compact which becomes effective upon
 
 
 4
 the state's consent. 25 U.S.C. Sec. 2710(d)(7)(B)(iv)-(vi). If the state refuses to consent, the Secretary of the Interior is authorized to decide how Class III
 
 
 5
 gaming shall be regulated. 25 U.S.C. Sec. 2710(d)(7)(B)(vii).
 
 
 6
 Plaintiffs have engaged in Class III gaming for several years. When IGRA was enacted, plaintiffs began negotiations with Michigan to reach a Tribal-State compact to govern continued operation of the games. During negotiations, Michigan took the position that video games of chance and slot machines were illegal in Michigan for any purpose and not subject to negotiation. An impasse developed, and plaintiffs filed suit in July 1990, seeking a declaration that video games of choice and slot machines are allowed under Michigan law and an order that a compact be reached.
 
 
 7
 On January 24, 1992, Michigan filed a motion to dismiss on the grounds of state sovereign immunity under the Eleventh Amendment. Plaintiffs responded that Congress had abrogated Michigan's sovereign immunity when it enacted IGRA. The district court found that although IGRA was a clear attempt to abrogate the state sovereign immunity of the Eleventh Amendment, Congress did not have power under the Indian Commerce Clause to do so. Sault Ste. Marie Tribe of Chippewa Indians v. Michigan, 800 F.Supp. 1484, 1488-90 (W.D.Mich.1992). On March 26, 1992, the court granted the motion, and gave plaintiffs thirty days to amend their complaint to fall within the doctrine of Ex parte Young, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), in which the Supreme Court held that the Eleventh Amendment does not bar suits against individually-named state officials for violating the United States Constitution. Id. at 159-60, 28 S.Ct. at 453-54. Plaintiffs have since amended their complaint and named Governor John Engler as the defendant.
 
 II.
 
 8
 Plaintiffs argue that the district court erred in granting Michigan's motion to dismiss, maintaining that Congress abrogated state sovereign immunity when it enacted IGRA. Michigan contends, however, that we do not have jurisdiction over this appeal because it is not taken from a "final decision." Michigan is correct.[1]
 
 
 9
 Under 28 U.S.C. Sec. 1291, we have jurisdiction over appeals from "final decisions" which dispose of the litigation on the merits. Firestone Tire & Rubber Co. v. Risjord, 449 U.S. 368, 373-74, 101 S.Ct. 669, 672-74, 66 L.Ed.2d 571 (1981) (citing Coopers & Lybrand v. Livesay, 437 U.S. 463, 467, 98 S.Ct. 2454, 2457, 57 L.Ed.2d 351 (1978)); Henry v. Detroit Manpower Dep't, 763 F.2d 757, 760 (6th Cir.) (en banc), cert. denied, 474 U.S. 1036, 106 S.Ct. 604, 88 L.Ed.2d 582 (1985). Here, the order of the district court dismisses Michigan as a defendant, but does not end the litigation; the merits of plaintiffs' action remain unresolved, and the suit continues against Governor Engler. Because it does not conclude the litigation, the order is not a final decision under Sec. 1291.
 
 
 10
 However, we may also hear appeals from certain non-final "collateral orders." In Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), the Supreme Court held that a "small class" of orders which do not terminate the entire litigation are appealable. Id. at 546-47, 69 S.Ct. at 1225-26. The Court later clarified that to be appealable under the Cohen doctrine an order "must conclusively determine the disputed question, resolve an important issue completely separate from the merits of the action, and be effectively unreviewable on appeal from a final judgment." Coopers & Lybrand, 437 U.S. at 468, 98 S.Ct. at 2458. Plaintiffs argue that the order of dismissal is just such an order. There is no dispute that the order meets the first and second requirements to be an appealable collateral order: It conclusively determines the disputed question of whether Michigan is entitled to sovereign immunity here, an important issue unrelated to the merits of plaintiffs' action. The decisive question is whether the order is "effectively unreviewable" as part of a final decision.
 
 
 11
 Orders denying state sovereign immunity are "effectively unreviewable" as part of a final decision. Puerto Rico Aqueduct & Sewer Authority v. Metcalf & Eddy, Inc., --- U.S. ----, ---- - ----, 113 S.Ct. 684, 687-89, 121 L.Ed.2d 605 (1993). In Metcalf & Eddy, the Court reasoned that state sovereign immunity is an immunity from suit itself, not just liability. Id. --- U.S. at ---- - ----, 113 S.Ct. at 687-88. As such, its value would be lost if a state had to wait until a final decision to challenge its denial, and an order denying that immunity is therefore "effectively unreviewable" as part of a final decision. Id. --- U.S. at ---- - ----, 113 S.Ct. at 688-89.
 
 
 12
 Here, we are faced with the opposite issue: whether a grant of state sovereign immunity is "effectively unreviewable" as part of a final decision. In Clemens v. Kansas, 951 F.2d 287 (10th Cir.1991), the Tenth Circuit held that a grant of sovereign immunity is not "effectively unreviewable." Id. at 288. That court stated:
 
 
 13
 The rationale for allowing [an] interlocutory appeal of an order denying immunity is that the defendant's right to be free from standing trial can not be effectively vindicated on appeal after trial. A grant of immunity, in contrast, "may be fully and effectively reviewed after final judgment. Accordingly, it does not fall under the collateral order doctrine."
 
 
 14
 Id. (quoting Branson v. City of Los Angeles, 912 F.2d 334, 335 (9th Cir.1990)) (other citations omitted) (emphasis original). See also Branson, 912 F.2d at 335-36; Coe v. Zeigler, 817 F.2d 29, 29-30 (6th Cir.1987) (per curiam); Theis v. Smith, 827 F.2d 260, 261 (7th Cir.1987) (per curiam); Thompson v. Betts, 754 F.2d 1243, 1246 (5th Cir.1985) (grants of absolute judicial immunity from suit are not appealable collateral orders). We agree.
 
 
 15
 Unlike a denial, a grant of state sovereign immunity preserves the benefit of a state's immunity pending a final decision on the merits. If the grant is erroneous, it may be corrected on appeal from that final decision and the case may continue on remand with no loss of the substantive rights of either party. We therefore hold that an order granting state sovereign immunity under the Eleventh Amendment is effectively reviewable on appeal from a final decision, and is not an appealable collateral order under Cohen.
 
 III.
 
 16
 For the foregoing reasons, we DISMISS this appeal for want of jurisdiction.
 
 
 
 [1]
 Michigan also argues that plaintiffs' notice of appeal is untimely under Fed.R.App.P. 4(a) because it was filed fifty-seven days after the date of entry of the district court's order. Plaintiffs counter that because the order was not effective until thirty days after the date of entry, the notice needed to be filed thirty days after the effective date, not the earlier date of entry. We need not decide this issue because in either case, the order is not an appealable collateral order