56 F.3d 64
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Thomas BURRELL, Plaintiff-Appellee,
v.
TENNESSEE DEPARTMENT OF HUMAN SERVICES, Defendant-Appellant,
Tipton County Board of Education, Sharon Sanders, Lani
Simmons Bright, Defendants.
 No. 94-5754.
 United States Court of Appeals, Sixth Circuit.
 May 23, 1995.
 
 On Appeal from the United States District Court, for the Western District of Tennessee, No. 94-02105; Odell Horton, Judge.
 W.D.Tenn.
 REVERSED.
 Before: BOGGS, SILER, and GIBSON,* Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendant Tennessee Department of Human Services (TDHS) challenges the district court's denial of its motion to dismiss Plaintiff Thomas Burrell's action under 42 U.S.C. Sec. 1983 against TDHS on the basis of Eleventh Amendment immunity. This case comes before us on an interlocutory appeal. See Sault Ste. Marie Tribe of Chippewa Indians v. Michigan, 5 F.3d 147, 149 (6th Cir. 1993). For the reasons stated herein, we reverse the decision of the district court and remand the case for further proceedings against the remaining defendants.
 
 I.
 
 2
 Burrell is the father of a minor child, Lina Hanako Simmons. Burrell was allegedly the legal custodian of Lina until February 10, 1993, when TDHS, in connection with other defendants, allegedly "counselled and conspired to deprive plaintiff" of the custody of Lina.[1]
 
 
 3
 Burrell filed a Sec. 1983 action, seeking actual and punitive damages against TDHS, the Tipton County Board of Education, Sharon Sanders, an employee of the Board, and Lani Simmons Bright, Lina's mother. He did not seek injunctive relief. As stated in his complaint, Burrell contends that defendants should have known that he had not abused or neglected Lina and that, if defendants had done a cursory investigation, they would have determined the allegations of abuse to be baseless.
 
 
 4
 TDHS moved the district court for dismissal of the action on the following grounds: (1) TDHS is not a proper party under Sec. 1983; (2) TDHS is immune from suit under the Eleventh Amendment; and (3) the district court lacks jurisdiction over TDHS. The district court denied the motion, stating that, in the court's opinion, plaintiff could prove facts which would prevent TDHS's immunity. The court based this ruling on the Sixth Circuit case of Achterhof v. Selvaggio, 886 F.2d 826, 829 (6th Cir. 1989). TDHS now appeals the district court's decision.
 
 II.
 
 5
 The Eleventh Amendment to the United States Constitution states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State...." U.S. Const. amend. XI. This provision "precludes not only actions in which the state is directly named as a party, but also actions brought against a state agency or state officer where the action is essentially one for recovery of money from the state treasury." Graham v. National Collegiate Athletic Ass'n, 804 F.2d 953, 959 (6th Cir. 1986)(citing Edelman v. Jordan, 415 U.S. 651 (1974)). A state agency is presumptively immune from Sec. 1983 damages actions unless Congress abrogates, or the State expressly waives, immunity. Will v. Michigan Dept. of State Police, 491 U.S. 58, 66 (1989); Welch v. Texas Dept. of Highways & Public Transp., 483 U.S. 468, 472-73 (1987).
 
 
 6
 In the present case, Burrell attempts to directly sue TDHS, an agency of the State of Tennessee, for the recovery of compensatory and punitive damages. This action is clearly precluded. Congress has not abrogated Tennessee's Eleventh Amendment immunity and Tennessee has not expressly waived its right to sovereign immunity. See Gross v. University of Tennessee, 620 F.2d 109, 110 (6th Cir. 1980). Indeed, Tenn. Code Ann. Sec. 20-13-102(a) explicitly provides that
 
 
 7
 No court in the state shall have any power, jurisdiction, or authority to entertain any suit against the state, or against any officer of the state acting by authority of the state, with a view to reach the state, its treasury, funds or property, and all such suits shall be dismissed....
 
 
 8
 The decision in Achterhof v. Selvaggio, 886 F.2d 826 (6th Cir. 1989), upon which both Burrell and the district court rely, does not compel a different result. Achterhof involved a plaintiff's Sec. 1983 suit against a number of state social workers in their individual and official capacities. No state agency was named in the suit. Indeed, the Achterhof court dealt entirely with qualified and absolute immunity issues; Eleventh Amendment immunity was never an issue in the case. For this reason, we find that the district court erred in applying Achterhof to the present issue. Burrell cannot sue TDHS directly for damages, Graham, 804 F.2d at 959, so his Sec. 1983 action against TDHS must fail.
 
 
 9
 REVERSED.
 
 
 
 *
 The Honorable John R. Gibson, Circuit Judge of the United States Court of Appeals for the Eighth Circuit, sitting by designation
 
 
 [1]
 Although not directly stated, it seems that TDHS initiated an investigation for Burrell's alleged abuse and neglect of Lina