IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-50270
Conference Calendar

_____

JOHN TOM HIGGINS, III,

                                        Plaintiff-Appellant,

versus

LARRY ALLISON, Etc.; ET AL.,

                                        Defendants,

LARRY ALLISON, In His Individual
and Official Capacities,

                                        Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. A-98-CV-740-JN
--------------------

August 26, 1999

Before KING, Chief Judge, and JOLLY and DAVIS, Circuit Judges.

PER CURIAM:[*]

        John Higgins III appeals the dismissal of his claim, on the

basis of absolute immunity, against Larry Allison.  Higgins

argues that, despite the lack of certification under Federal Rule

of Civil Procedure 54(b), the district court's order represents a

partial final judgment which may be appealed.

        This court lacks jurisdiction to review the order because

---

        [*]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

the order was not certified for appeal under Rule 54(b) and nothing in the record indicates the district court's unmistakable intent to enter a partial final judgment under Rule 54(b).  See Briargrove Shopping Ctr. Joint Venture v. Pilgrim Enters., Inc., 170 F.3d 536, 538-41 (5th Cir. 1999); Kelly v. Lee's Old Fashioned Hamburgers, Inc., 908 F.2d 1218, 1220 (5th Cir. 1990)(en banc).  Further, the order cannot be appealed under the collateral order doctrine because it is reviewable on appeal after the final judgment disposing of all claims in the suit. See Thompson v. Betts, 754 F.2d 1243, 1246 (5th Cir. 1985). Accordingly, the appeal is DISMISSED.  See 5TH CIR. R. 42.2.

APPEAL DISMISSED.