IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-20122
Summary Calendar

_____

ERIC CANTRELL HOLMES,

                                        Plaintiff-Appellant,

versus

HARRIS COUNTY SHERIFF'S DEPARTMENT,
TOMMY B. THOMAS; J.G. SHANNON, Sergeant;
T.W. BELL, Deputy; R.G. STANLEY, Deputy;
HARRIS COUNTY JAIL, Dietician; DY ORLANDO,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-96-CV-4504
--------------------
June 16, 2000

Before GARWOOD, DeMOSS, and PARKER, Circuit Judges.

PER CURIAM:[*]

    Eric Cantrell Holmes, Texas prisoner # 786465, appeals the district court's order granting the motion for summary judgment filed by defendants Thomas, Bell, and Stanley.  Defendant Shannon did not join in this motion.  The other parties were not served.

    When an action involves multiple parties or multiple claims, any decision that adjudicates the liability of fewer than all the parties or disposes of fewer than all the claims does not

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

terminate the litigation and is not appealable unless certified under FED. R. CIV. P. 54(b).  See Thompson v. Betts, 754 F.2d 1243, 1245 (5th Cir. 1985).  The district court's judgment is not final as to all parties.

This court lacks jurisdiction to review the order because the order was not certified for appeal under Rule 54(b) and nothing in the record indicates the district court's unmistakable intent to enter a partial final judgment under Rule 54(b).  See Briargrove Shopping Ctr. Joint Venture v. Pilgrim Enters., Inc., 170 F.3d 536, 538-41 (5th Cir. 1999); Kelly v. Lee's Old Fashioned Hamburgers, Inc., 908 F.2d 1218, 1220 (5th Cir. 1990)(en banc).  Further, the order cannot be appealed under the collateral order doctrine because it is reviewable on appeal after the final judgment disposing of all claims in the suit. See Thompson v. Betts, 754 F.2d 1243, 1246 (5th Cir. 1985). Accordingly, the appeal is DISMISSED.  See 5TH CIR. R. 42.2.

APPEAL DISMISSED.