IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-60530
Conference Calendar

_____

MIKE SALTS, Individually and as an Officer of
Salts Funeral Home; MARIE SALTS, Individually and
as an Officer of Salts Funeral Home,

Plaintiffs - Appellants,

v.

MICHAEL MOORE, Etc., ET AL.,

Defendants,

TRAVIS CHILDERS, Professionally, Individually, Jointly, and
Severally; JIMMY MOORE, Professionally, Individually,
Jointly, and Severally; JOE WAYNE GARNER, Professionally,
Individually, Jointly, and Severally; ROY GREEN,
Professionally, Individually, Jointly, and Severally; WILLIAM
MCKINNEY, Professionally, Individually, Jointly, and
Severally; JERRY BARNES, Professionally, Individually,
Jointly, and Severally; KEITH LOVELL, Professionally,
Individually, Jointly, and Severally; TIM HENDERSON,
Professionally, Individually, Jointly, and Severally,

Defendants - Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:99-CV-263-D
--------------------
February 14, 2001

Before SMITH, BARKSDALE, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

On June 27, 2000, the district court granted judgment on the

pleadings to eight of the above-captioned defendants, all

Prentiss County, Mississippi, or City of Booneville, Mississippi,

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

officials or employees. The district court had previously granted a motion to dismiss claims against eight defendants who are officials or employees of the State of Mississippi, only insofar as claims were made against them in their official capacities. Several other defendants did not join in either motion. The plaintiffs seek to appeal the district court's June 27, 2000, order.

When an action involves multiple parties or multiple claims, any decision that adjudicates the liability of fewer than all the parties or disposes of fewer than all the claims does not terminate the litigation and is not appealable unless certified under Fed. R. Civ. P. 54(b). See Thompson v. Betts, 754 F.2d 1243, 1245 (5th Cir. 1985). The district court has not certified the June 27, 2000, order in accordance with Rule 54(b). See Kelly v. Lee's Old Fashioned Hamburgers, Inc., 908 F.2d 1218, 1220 (5th Cir. 1990) (en banc) (an order is considered appealable if the language in the order either independently or together with related parts of the record reflects the district court's clear intent to enter a judgment under Rule 54(b)). Accordingly, we are without jurisdiction.

APPEAL DISMISSED.