**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**February 23, 2005**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-51448
Conference Calendar

_____

REGINA KELLY; CORVIAN WORKMAN; MILTON JEROME DUNN; JOHNNY
HAMMOND; QUINCY HIGGINS; MICHAEL WELLS; FREDERICK DWAINE
SEYMORE; DONAL EDDINGTON; DARREL DEWAYNE GRAY; CLIFFORD
EUGENE RUNOALDS; CORNELIUS WORKMAN; QUINTON SMITH; DARIUS
MOTEN; CARLTON STEELS; ROBERT TAYLOR,

Plaintiffs-Appellants,

versus

JOHN PASCHALL, ET AL.,

Defendants,

SOUTH CENTRAL TEXAS REGIONAL NARCOTICS TASK FORCE,

Defendant-Appellee.

---------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. W-03-CV-179
---------------------

Before BARKSDALE, GARZA, and STEWART, Circuit Judges.

PER CURIAM:*

     The plaintiffs in this civil rights action filed a notice of

appeal from an order of the district court dismissing fewer than

all of the claims and parties.  They seek to appeal the dismissal

of the South Central Texas Regional Narcotics Task Force ("the

Task Force").

---

     * Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

This court must examine the basis of its jurisdiction on its own motion if necessary. Mosley v. Cozby, 813 F.2d 659, 660 (5th Cir. 1987). This court has authority to hear appeals from "final decisions" under 28 U.S.C. § 1291. It also has jurisdiction under 28 U.S.C. § 1292 to hear appeals from interlocutory decisions, nonfinal judgments certified as final under FED. R. CIV. P. 54(b), and some other nonfinal orders and judgments to which an exception applies. See Briargrove Shopping Ctr. Joint Venture v. Pilgrim Enters., 170 F.3d 536, 538 (5th Cir. 1999).

The plaintiffs argue that the district court's order dismissing the Task Force is appealable under the collateral-order doctrine. See Mitchell v. Forsyth, 472 U.S. 511, 524-25 (1985). Because the district court's order dismissing the Task Force "is capable of being fully and effectively reviewed after final judgment," the collateral order doctrine is inapplicable, and this court lacks jurisdiction over the appeal. See Thompson v. Betts, 754 F.2d 1243, 1246 (5th Cir. 1985). Accordingly, the appeal is DISMISSED for lack of jurisdiction. The plaintiffs' request for a stay of the appeal is DENIED.

APPEAL DISMISSED; STAY DENIED.