**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**April 20, 2006**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-51281
Summary Calendar

JAMES K. TERRELL,

Plaintiff-Appellant,

versus

CITY OF EL PASO; CARLOS LEON, Chief; ALFONSO NEVAREZ, Officer;
SAUL VILLALOBOS, Officer; RODNEY MOOERS, Officer; MARK TELLES,
Officer; DEBRA PONKO, Officer; ROBERT ROMERO, Officer; JACK
MATTHEWS, Sergeant; HARRY FARLOW, Sergeant; WADE FORRISTER,
Sergeant; ANNA NAVEDO, Detective; TED PORRAS, Detective; COUNTY
OF EL PASO; JAIME ESPARZA, Individually and as District Attorney;

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Texas
(3:03-CV-364)
--------------------

Before KING, WIENER and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant James K. Terrell appeals the district
court's grant of summary judgment, on grounds of qualified
immunity, in favor of Defendants-Appellees Chief Carlos Leon and
several officers of the El Paso Police Department. We dismiss this
appeal without prejudice to refile, as we lack jurisdiction to
review it.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

We are without jurisdiction to review the summary judgment because it is not a final decision.[1]  "[A]s a general rule, all claims and issues in a case must be adjudicated before appeal, and a notice of appeal is effective only if it is from a final order or judgment."[2]  Terrell's appeal is ineffective at this time because there are still claims and issues pending in the district court, including the City's, County's, and District Attorney's motions for summary judgment.

Moreover, Terrell's appeal does not fit within the collateral order exception to the final judgment rule,[3] which exception is reserved for decisions that would "be effectively unreviewable on appeal from a final judgment" and for that reason require immediate review.[4]  In sharp contrast to an order <u>denying</u> immunity, the district court's summary judgment <u>granting</u> qualified immunity can be fully reviewed after a final judgment.  Terrell's "objection to

---

[1] <u>See</u> 28 U.S.C. § 1291 ("The courts of appeals ... shall have jurisdiction of appeals from all final decisions of the district courts of the United States ....").

[2] <u>Swope v. Columbian Chems. Co.</u>, 281 F.3d 185, 191 (5th Cir. 2002).

[3] The collateral order exception permits appellate review of a "small class" of nonfinal judgments that "finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." <u>Cohen v. Beneficial Indus. Loan Corp.</u>, 371 U.S. 541, 546 (1949).

[4] <u>Baldridge v. SBC Commc'ns, Inc.</u>, 404 F.3d 930, 931 (5th Cir. 2005) (quoting <u>Coopers & Lybrand v. Livesay</u>, 437 U.S. 463, 468 (1978)).

2

the district court's order in this context is in no danger of becoming moot if appellate consideration is delayed until final judgment."[5]

Terrell contends that we have pendent jurisdiction over the district court's order granting qualified immunity because the order is "inextricably intertwined" with another issue separately on appeal, viz., the denial of his motion for declaratory judgment.[6] This argument fails because we do not in fact have jurisdiction to review that appeal[7]; by definition there can be no pendent jurisdiction here.

This appeal is accordingly

DISMISSED without PREJUDICE.

---

[5] Thompson v. Betts, 754 F.2d 1243, 1246 (5th Cir. 1985). We are aware that Thompson dealt with a grant of absolute — as opposed to qualified — immunity, but this difference is of no consequence here; it might matter only where a claim of immunity is denied. See Kenyatta v. Moore, 744 F.2d 1179, 1183-86 (5th Cir. 1984) (holding denial of qualified immunity, which affords less protection to defendants than absolute immunity, not immediately appealable).

[6] Terrell's appeal of the denial of his motion for declaratory judgment has been assigned Fifth Circuit case number 04-51283.

[7] James K. Terrell v. City of El Paso, 04-51283 (5th Cir. Apr. __, 2006) (unpublished) (rendered contemporaneously with this opinion).