# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
February 23, 2021

Lyle W. Cayce
Clerk

No. 19-40433
Summary Calendar

Jarvis Dugas,

*Plaintiff—Appellant*,

*versus*

Juan Quintero; Donna P. Fannstiel; Erick Echavarry;
Bobby Lumpkin, *Director, Texas Department of Criminal Justice,
Correctional Institutions Division*; University of Texas Medical
Branch,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:17-CV-48

Before Clement, Higginson, and Engelhardt, *Circuit Judges*.
Per Curiam:[*]

Jarvis Dugas, Texas prisoner # 1386881, filed a 42 U.S.C. § 1983 civil
rights action against several defendants, asserting claims of excessive force

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this
opinion should not be published and is not precedent except under the limited
circumstances set forth in 5th Circuit Rule 47.5.4.

and deliberate indifference to medical needs.  The district court issued an order granting in part and denying in part the defendants' motions for dismissal or summary judgment, and denying Dugas's motion to amend the complaint.  But the order did not dismiss all of the claims or defendants. Dugas seeks to appeal that order.  The defendants assert that this court lacks jurisdiction because there is no final appealable order.

Federal appellate courts have jurisdiction over appeals from: (1) final orders, 28 U.S.C. § 1291; (2) orders that are deemed final due to jurisprudential exception or which can be properly certified as final pursuant to Federal Rule of Civil Procedure 54(b); and (3) interlocutory orders that fall into specific classes, 28 U.S.C. § 1292(a), or which can be properly certified for appeal by the district court, § 1292(b).  *See Dardar v. Lafourche Realty Co.*, 849 F.2d 955, 957 (5th Cir. 1988).  "As a general rule, an order is final only when it ends the litigation on the merits and leaves nothing for the court to do but execute the judgment."  *Thompson v. Betts*, 754 F.2d 1243, 1245-46 (5th Cir. 1985) (internal quotation marks and citation omitted). Further, "any decision that adjudicates the liability of fewer than all the parties does not terminate the action" absent conditions that are not present here. *Id.*  At least one claim remains pending in the district court.

Accordingly, there is no final appealable judgment, and we lack jurisdiction.  The appeal is DISMISSED.  All of Dugas's motions filed in this court are DENIED AS MOOT.