23-265-cv
*Tillman v. Hoffman*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of November, two thousand twenty-three.

Present:
> PIERRE N. LEVAL,
> BARRINGTON D. PARKER,
> WILLIAM J. NARDINI,
> *Circuit Judges.*

---

GARRIEN F. TILLMAN,

> *Plaintiff-Appellant*,

v. 23-265

DOREEN M. HOFFMAN, individually and in her capacity as an assistant district attorney for Niagara County, TROY EARP, individually and in his capacity as a detective for the Niagara Falls Police Department, SHAWN BOSI, individually and in his capacity as a detective for the Niagara Falls Police Department,

> *Defendants-Appellees*.

---

For Plaintiff-Appellant: R. Anthony Rupp III, Chad A. Davenport, Rupp Pfalzgraf LLC, Buffalo, NY

For Defendants-Appellees:                    Brian P. Crosby, Gibson, McAskill & Crosby, LLP, Buffalo, NY

Keith N. Bond, Walsh, Roberts & Grace, Buffalo, NY

Appeal from a judgment of the United States District Court for the Western District of New York (John L. Sinatra, Jr., *District Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Garrien Tillman appeals from a judgment of the United States District Court for the Western District of New York (John L. Sinatra, Jr., *District Judge*), entered on January 30, 2023, dismissing his 42 U.S.C. § 1983 lawsuit.  Tillman claims that Defendants-Appellees Doreen Hoffman, District Attorney for Niagara County, and Shawn Bosi and Troy Earp, Niagara Country detectives (the "Defendants"), misrepresented certain identification evidence to a New York grand jury, resulting in his arrest and indictment for charges based on a shooting in Niagara Falls—charges that were later dismissed.  Tillman alleges that the Defendants' conduct violated his Fourth, Fifth, Sixth, and Fourteenth Amendment rights.  A magistrate judge (Jeremiah J. McCarthy, *Magistrate Judge*) issued a report recommending dismissal of Tillman's complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and because Defendants were entitled to absolute or qualified immunity.  Tillman objected to the report and recommendation.  After considering arguments from the parties, the district court adopted the magistrate judge's report and recommendation and dismissed the complaint.  Tillman now appeals.  We assume the parties' familiarity with the case.

We review a district court's judgment granting a motion to dismiss *de novo*. *Krys v. Pigott*, 749 F.3d 117, 128 (2d Cir. 2014). In reviewing the sufficiency of a complaint, "we accept only its factual allegations, and the reasonable inferences that can be drawn therefrom, as true."[1] *Id*. "Thus, the plaintiff is entitled to all reasonable inferences from the facts alleged, not only those that support his claim, but also those that defeat the immunity defense." *McKenna v. Wright*, 386 F.3d 432, 436 (2d Cir. 2004).

**I.      Defendant Hoffman**

The district court did not err in dismissing Tillman's claims against Hoffman on the grounds of absolute immunity, because her actions and statements were directly related to her prosecutorial duties. We have long held that "a district attorney is absolutely immune from civil liability for initiating a prosecution and presenting the case at trial. . . . [and] is also immune for conduct in preparing for those functions." *Hill v. City of New York*, 45 F.3d 653, 661 (2d Cir. 1995). In determining whether absolute immunity attaches to a defendant's conduct, we apply a functional approach, as the liability shield covers virtually all acts that are associated with a prosecutor's function as an advocate. *See Dory v. Ryan*, 25 F.3d 81, 83 (2d Cir. 1994).

The complaint alleged that Hoffman met with Earp and Bosi before they testified in a grand jury that was considering whether to indict Tillman; that she learned during this meeting that Earp and Bosi were unable to personally identify Tillman as the shooter; and that she nevertheless questioned Earp and Bosi before the grand jury in a way that left the mistaken impression that they

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, alterations, emphases, footnotes, and citations are omitted.

were in fact able to personally identify him. The complaint also alleges that Hoffman knowingly allowed Bosi to present false evidence that an eyewitness had identified Tillman as one of the shooters, during an interrogation. Tillman argues that Hoffman acted only in an "investigative capacity" in engaging in such conduct, because neither she nor the detectives knew who the real shooters were, and therefore were acting "during the preliminary investigation of an unsolved crime"—conduct that is protected only by the lesser protections of qualified (not absolute) immunity. *Buckley v. Fitzsimmons*, 509 U.S. 259, 275 (1993). But the immunity question is not, as Tillman would have it, driven by whether the crime was truly "unsolved." Instead, the Supreme Court has instructed courts to consider what function the prosecutor was fulfilling through the challenged conduct. As the district court recognized, Hoffman's challenged actions involved questioning two witnesses before a grand jury not as an investigative matter, but rather to seek an indictment against Tillman. In other words, Hoffman was exercising core prosecutorial functions as an advocate by seeking to "initiat[e] a prosecution" through judicial proceedings (here, a grand jury hearing), and her conduct in that regard was therefore shielded by absolute immunity. *See Buckley*, 509 U.S. at 270 (citing *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976)). It is likewise clear that Hoffman's ancillary meeting with those witnesses to ready them for their grand jury testimony falls within the scope of "conduct in preparing for" the initiation of a prosecution, which also falls within the scope of absolute immunity. *Hill*, 45 F.3d at 661.

Tillman nevertheless contends that Hoffman is not entitled to absolute immunity because she acted in the "clear absence of all jurisdiction," *Anilao v. Spota*, 27 F.4th 855, 864 (2d Cir. 2022). He argues that she knew that the grand jury indictment was not supported by legally

4

sufficient evidence in the form of non-hearsay testimony identifying Tillman as the shooter, and that under New York law the absence of such evidence rendered the indictment invalid and stripped the state court (and therefore the prosecutor) of jurisdiction to proceed with the prosecution. Tillman argues that such a conclusion is dictated by the New York Court of Appeals' decision in *People v. Pelchat*, 62 N.Y.2d 97 (1984). Tillman's reliance on Pelchat is unavailing. In that case, the issue was whether a defendant could raise a post-plea challenge to his indictment based on a claim that it had been obtained with evidence that the prosecutor knew to be false. *Id.* at 99. As the district court here recognized, however, Tillman received precisely the relief given in *Pelchat:* dismissal of his indictment by the state court. Nothing in *Pelchat* suggests that, before such dismissal, either the state court or – by extension – the state prosecutor acted in absence of jurisdiction. Quite the contrary. Because Tillman challenges only actions by Hoffman that preceded the final adjudication of his case, his claims are barred by absolute immunity. *See Anilao v. Spota*, 27 F.4th 855, 866 (2d Cir. 2022) (holding that absolute immunity applies "as long as a prosecutor acts with colorable authority. . . regardless of motivation").

## II.     Defendants Bosi and Earp

The district court also correctly dismissed the claims against Bosi and Earp because they are entitled to qualified immunity. "A government official sued in his individual capacity is entitled to qualified immunity (1) if the conduct attributed to him was not prohibited by federal law; or (2) where that conduct was so prohibited, if the plaintiff's right not to be subjected to such conduct by the defendant was not clearly established at the time it occurred; or (3) if the defendant's action was objectively legally reasonable." *Manganiello v. City of New York*, 612

5

F.3d 149, 164 (2d Cir. 2010) (cleaned up). After *de novo* review of the record, we conclude that it was objectively legally reasonable for Bosi and Earp to believe that their testimony to the grand jury did not violate any of Tillman's clearly established rights. The complaint does not allege any facts to support the assertion that, during their testimony, Bosi or Earp misrepresented evidence (for example, that they had personally identified Tillman as the shooter) or that they otherwise gave false or misleading testimony.[2] Tillman's primary complaint relates to how they were questioned before the grand jury. Bosi and Earp, however, neither directed the line of questioning nor the strategy behind the presentment of their grand jury testimony, and both presented truthful testimony.

We have considered Tillman's remaining arguments and find them to be unpersuasive.

\*   \*   \*

Accordingly, we **AFFIRM** the judgment of the district court.


FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court

---

[2] To the extent the complaint alleges that Bosi falsely testified that an eyewitness had told him that Tillman was one of the shooters, a video of Bosi's interrogation of the eyewitness—which Tillman incorporated into his complaint—directly contradicts that assertion, by showing the eyewitness identifying Tillman as a shooter. *See* Fed. R. Civ. P. l0(c); *see also* Bogie v. Rosenberg, 705 F.3d 603, 608-09 (7th Cir. 2013).

6