**Richard THEIS and Terre Theis, Plaintiffs-Appellants,**

**v.**

**Warren SMITH, et al., Defendants,**

**and**

**Nicholas J. Schiralli, Defendant-Appellee.**

No. 86–3051.

United States Court of Appeals, Seventh Circuit.

Submitted July 15, 1987.

Decided Aug. 27, 1987.

Lonny Ben Ogus, Chicago, Ill., for plaintiffs-appellants.

David Michael Wallman, Deputy Atty. Gen., Office of the Atty. Gen., Indianapolis, Ind., for defendant-appellee.

Before POSNER and FLAUM, Circuit Judges, and PELL, Senior Circuit Judge.

PER CURIAM.

The plaintiffs brought suit under 42 U.S.C. § 1983, against an Indiana judge and other individuals, seeking $500,000 in damages and other "proper, just, and equitable" relief. The judge moved to dismiss the suit against him on the ground that he had absolute immunity from liability under section 1983 for damages arising out of his judicial acts. The district court granted the motion and the plaintiffs have filed an appeal.

Since the suit remains pending in the district court, the order dismissing the judge is not final in the usual sense. Nevertheless, if the district court had denied rather than granted the motion to dismiss him from the case, its order would be a classic "collateral order" immediately appealable under 28 U.S.C. § 1291. See, e.g., *Segni v. Commercial Office of Spain,* 816 F.2d 344, 345 (7th Cir.1987). We agree, however, with the Fifth Circuit that the collateral-order doctrine is not applicable if the district court accepts a public official's claim of immunity. See *Thompson v. Betts,* 754 F.2d 1243, 1246 (5th Cir.1985). The rationale for allowing him to appeal immediately if his claim is denied is that the immunity is from suit and not just from damages, and is therefore impaired if appeal is postponed till after trial. The rationale is inapplicable if the district court grants his motion to dismiss and it is the plaintiff who wants an immediate appeal.

The request for equitable relief in the complaint does not allow us to base jurisdiction on 28 U.S.C. § 1292(a)(1), which makes orders granting, denying, etc. injunctions appealable without regard to finality. Apart from the boilerplate nature of the request, there is the fact that not every form of equitable relief is an injunction, and it is only injunctions that are within the scope of section 1292(a)(1). *United States v. Hansen,* 795 F.2d 35, 38 (7th Cir.1986). Furthermore, the dismissal of a pleading that contains a request for injunctive relief, as distinct from the dismissal of a request for injunctive relief as such (for example as contained in a motion for a preliminary injunction), is governed by *Carson v. American Brands, Inc.,* 450 U.S. 79, 101 S.Ct. 993, 67 L.Ed.2d 59 (1981), which requires a showing that the appellant will be irreparably harmed unless an immediate appeal is allowed. See, e.g., *Construction Laborers Pension Trust v. Cen-Vi-Ro Concrete Pipe & Products Co.,* 776 F.2d 1416, 1421–22 (9th Cir.1985). No such showing has been attempted here, the plaintiffs having staked their all on the argument that the order granting absolute immunity was a collateral order.

We have no jurisdiction of the appeal. DISMISSED.