Raymond FRANZEN and Sonja
Franzen, Appellants,

v.

FEDERAL LAND BANK OF OMAHA
(FARM CREDIT BANK), et
al., Appellees.

No. 89–2603.

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 27, 1989.

Decided March 8, 1990.

Raymond and Sonja Franzen, pro se.

Paul W. Madgett, Omaha, Neb., for appellees.

Before McMILLIAN, JOHN R. GIBSON, and MAGILL, Circuit Judges.

PER CURIAM.

The Franzens filed an action for damages and other relief in bankruptcy court against the Federal Land Bank of Omaha (hereinafter FLB), the Honorable Timothy J. Mahoney (a bankruptcy court judge) and Lori J. Siewart (an attorney for the FLB). They alleged, inter alia, that during the pendency of the Franzens' Chapter 11 bankruptcy proceedings, Judge Mahoney violated the Agricultural Credit Act of 1987 by mishandling proceedings relating to a foreclosure action brought by the FLB against the Franzens.

Judge Mahoney filed a motion to dismiss. The bankruptcy court analyzed the motion based on *Stump v. Sparkman,* 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978), and concluded that Judge Mahoney's acts of which the Franzens complained were judicial acts performed within proper jurisdictional limits, and ordered Judge Mahoney dismissed as a party to the case based on his absolute immunity. The Franzens appealed to the district court which agreed that Judge Mahoney was entitled to absolute immunity, citing *Mullis v. United States Bankruptcy Court for the Dist. of Nev.,* 828 F.2d 1385, 1388–89 (9th Cir.1987), *cert. denied,* 486 U.S. 1040, 108 S.Ct. 2031, 100 L.Ed.2d 616 (1988).

We hold that the order dismissing a bankruptcy judge based on his immunity is not a final appealable order. While we recognize that in some instances bankruptcy proceedings justify a distinctive and more flexible definition of finality, appeals have not been automatically allowed to the courts of appeals from district court decisions on interlocutory appeals. *See generally* 16 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3926 (Supp.1989). In this case, the order does not conclusively determine the substantive rights of the parties as the Franzens' action against the other named defendants is still pending, nor does it have any of the other indicia of finality which would make appellate jurisdiction appropriate. *See In re Apex Oil,* 884 F.2d 343, 347 (8th Cir. 1989); *In re Vekco, Inc.,* 792 F.2d 744, 745 (8th Cir.1986).

Accordingly, we dismiss for lack of jurisdiction.