334

Ronald L. BRANSON,
Plaintiff–Appellant,

v.

CITY OF LOS ANGELES; County of Los Angeles; Anthony R. Stavropoulos; Patrick Shannon; R.W. Ferguson; Joseph Morgan; Larry R. Dolley; Craig J. Strauch; Sherman Block; James Perez; Patricia G. Schwartz, Defendants–Appellees.

No. 89–55306.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 8, 1990.

Decided Aug. 23, 1990.

Ronald L. Branson, Panorama City, Cal., in pro per.

Carol Ann Humiston and Zahava A. Stroud, Morris, Polich, Purdy, Los Angeles, Cal., for defendants-appellees.

Before HUG, NELSON *, and HALL, Circuit Judges.

CYNTHIA HOLCOMB HALL, Circuit Judge:

Ronald L. Branson ("Branson") filed a § 1983 suit against the defendants for actions taken after his arrest for tampering with an automobile. This appeal concerns the district court's order dismissing Branson's claim against Patricia G. Schwartz ("Schwartz"), Commissioner of the Los Angeles Municipal Court on the basis of judicial immunity. We dismiss for lack of appellate jurisdiction.

## I

Shortly after Branson filed his complaint, Schwartz moved for dismissal under Federal Rule of Civil Procedure 12(b)(6) on the ground of judicial immunity. The district court granted her motion and dismissed Branson's claim against her. The district court declined to certify its order for review pursuant to Federal Rule of Civil Procedure 54(b). Instead of moving to certify the dismissal order under the Interlocutory Appeals Act of 1958, 28 U.S.C. § 1292, Branson moved to alter or amend the order of dismissal under Federal Rule of Civil Procedure 59(e). The district court subsequently denied Branson's motion. Branson now appeals both the initial dismissal and the denial of his Rule 59(e) motion.

## II

### A

■ Branson first argues that the dismissal order falls within the collateral order doctrine. The doctrine, an exception to 28 U.S.C. § 1291's finality requirement, permits immediate review of orders "which finally determine claims of right separable

from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546, 69 S.Ct. 1221, 1225–26, 93 L.Ed. 1528 (1949). "For the doctrine to apply, the challenged order must: (1) conclusively determine the disputed question; (2) resolve an important issue completely separate from the merits of the underlying action; and (3) be effectively unreviewable from a final judgment." *Estate of Bishop v. Bechtel*, 905 F.2d 1272, 1274 (9th Cir.1990) (citing *Coopers and Lybrand v. Livesay*, 437 U.S. 463, 468, 98 S.Ct. 2454, 2457, 57 L.Ed.2d 351 (1978)). Failure to meet any of these three elements is fatal. *Id.* (citing *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 376, 101 S.Ct. 669, 674, 66 L.Ed.2d 571 (1981)).

We need not undertake the complicated inquiry regarding the existence of the first two components of the collateral order exception where the third element—unreviewability at final judgment—is clearly absent. *Id.* at 1275. We have followed the Supreme Court's admonition that the "unreviewability element is present only in a narrow class of cases where 'denial of immediate review would render impossible any review whatsoever.'" *Id.* (quoting *Firestone*, 449 U.S. at 376, 101 S.Ct. at 675). We agree with our sister circuits that an order dismissing a § 1983 claim on the grounds of judicial immunity may be fully and effectively reviewed after final judgment. Accordingly, it does not fall under the collateral order doctrine.[1] *See Theis v. Smith*, 827 F.2d 260, 261 (7th Cir.1987); *Coe v. Ziegler*, 817 F.2d 29, 30

---

* The original panel comprised Judges Hug, Hall, and Trott. Judge Trott, who recused himself, was replaced by Judge Nelson. The panel directed that the case be argued before the new panel.

1. By contrast, the denial of a motion to dismiss based on the grounds of judicial immunity does fall under the *Cohen* exception. In *Mitchell v. Forsyth*, 472 U.S. 511, 525–27, 105 S.Ct. 2806, 2814–15, 86 L.Ed.2d 411 (1985), the Supreme Court reasoned that such denials fall within the collateral order doctrine because a party entitled to immunity has the right to be free from the burden of going to trial. Since the entitlement is immunity from suit and not mere defense to liability, such a right is effectively lost if the party cannot appeal until after the final order is given. *Id.*

(6th Cir.1987). *Thompson v. Betts*, 754 F.2d 1243, 1246 (5th Cir.1985).

### B

■ Branson next contends that review is appropriate under the doctrine enunciated in *Gillespie v. United States Steel Corp.*, 379 U.S. 148, 85 S.Ct. 308, 13 L.Ed.2d 199 (1964). The *Gillespie* doctrine permits appellate review in a limited number of cases after a weighing of " 'the inconvenience and costs of piecemeal review on the one hand and the danger of denying justice by delay on the other.' " *Id.* at 152–53, 85 S.Ct. at 311 (quoting *Dickson v. Petroleum Conversion Corp.*, 338 U.S. 507, 511, 70 S.Ct. 322, 324, 94 L.Ed. 299 (1950)). However, this "pragmatic finality doctrine" is "limited to the circumstances of *Gillespie* in the context of section 1291 appeals." *In re Subpoena Served on the Cal. Pub. Util. Comm'n*, 813 F.2d 1473, 1480 (9th Cir.1987).

This case is clearly distinguishable from *Gillespie*. In that case, the Supreme Court reasoned that the possible delay of a number of years might cause a great injustice on the plaintiff's children because the claims for recovery for their benefit were effectively cut off so long as the district court's ruling stood. *Gillespie*, 379 U.S. at 153, 85 S.Ct. at 311. In contrast, there would be no injustice in delaying Branson's appeal. Moreover, permitting Branson to have two appeals would be both inconvenient and costly. Because this case does not fall under the *Gillespie* doctrine, we lack jurisdiction to entertain Branson's appeal of the dismissal order.

### III

■ Branson next asserts that the district court's denial of his Rule 59(e) motion to alter or amend its dismissal order is reviewable under 28 U.S.C. § 1291 or under Federal Rule of Appellate Procedure 4(a)(4)(iii). However, the latter provision governs only the time for appeal, and does not confer jurisdiction on the courts of appeals. Furthermore, it is clear that when an underlying judgment is not final for purposes of section 1291, the denial of a motion to alter such judgment cannot be final for such purposes either. This denial serves in a sense as a reaffirmation of the original judgment, and is clearly reviewable upon appeal. Like the underlying dismissal, it does not fall within any of the limited exceptions to the final judgment rule.

### IV

■ Finally, Branson makes a brief reference to seeking review by means of a writ of mandamus. We have considered five factors in determining whether the writ should issue: (1) whether the petitioner has no other adequate means, such as direct appeal, to attain the desired relief; (2) whether the petitioner will be damaged or prejudiced in a way not correctable on appeal; (3) whether the district court's order is clearly erroneous as a matter of law; (4) whether the district court's order is an oft-repeated error, or manifests a persistent disregard of the federal rules; and (5) whether the district court's order raises new and important problems, or issues of law of first impression. *Bauman v. United States Dist. Court*, 557 F.2d 650, 654–55 (9th Cir.1977). We have stated that "[s]atisfaction of all five factors is not required." *Admiral Ins. Co. v. United States Dist. Court for Dist. of Ariz.*, 881 F.2d 1486, 1491 (9th Cir.1989). These factors merely serve as guidelines, a point of departure for our analysis of the propriety of mandamus relief. *Id.*

None of these factors are present in this case. First, Branson may pursue a direct appeal after final judgment on the remaining claims in his lawsuit. Second, the delay in pursuing the appeal will not damage or prejudice Branson. *See supra* Part II.B. Third, the district court's order is not clearly erroneous. Fourth, the subject-matter is not an oft-repeated error and there is no manifestation of a persistent disregard of the federal rules. Finally, dismissal of a § 1983 claim on the basis of judicial immunity does not raise a new and important problem or issue of law of first impression. Accordingly, mandamus is inappropriate.

V

For these reasons, we DISMISS for lack of appellate jurisdiction.