Arthur J. Clemens, Jr., pro se.

Arthur J. CLEMENS, Jr., Plaintiff–Appellant,

v.

STATE OF KANSAS, Miami County District Court, Kansas Court of Appeals, James H. Clemens, David E. Clemens, Arthur J. Clemens, Sr., Robert Nicholson, Miami County National Bank, Richard Clemens, Timothy Clemens, Katherine Mientka, James Robert Clemens, Christopher Clemens, Defendants–Appellees.

No. 91–3152.

United States Court of Appeals, Tenth Circuit.

Dec. 18, 1991.

Robert T. Stephan, Atty. Gen. and Carl A. Gallagher, Asst. Atty. Gen., Topeka, Kan., for defendants-appellees, State of Kan., Kansas Court of Appeals and the Miami County Dist. Court.

Before McKAY, Chief Judge, SEYMOUR, and EBEL, Circuit Judges.

SEYMOUR, Circuit Judge.

Arthur Clemens is suing the State of Kansas, the Miami County District Court, the Kansas Court of Appeals, and a number of individuals, many of whom appear to be Mr. Clemens' relatives. The district court has dismissed the three state defendants pursuant to their Eleventh Amendment immunity from suit in federal court.

**288**

Mr. Clemens now appeals this dismissal.[1]

Because Mr. Clemens' suit against the individual defendants remains pending in the district court, the order dismissing the state defendants is not final. We join those circuits that have concluded that an order granting immunity is not a collateral order which is immediately appealable under 28 U.S.C. § 1291 (1988), as interpreted by *Cohen v. Beneficial Industr. Loan Corp.*, 337 U.S. 541, 546, 69 S.Ct. 1221, 1225, 93 L.Ed. 1528 (1949). *See Branson v. City of Los Angeles*, 912 F.2d 334, 335 (9th Cir.1990); *Theis v. Smith*, 827 F.2d 260, 261 (7th Cir.1987); *Coe v. Ziegler*, 817 F.2d 29, 30 (6th Cir.1987); *Thompson v. Betts*, 754 F.2d 1243, 1246 (5th Cir.1985). The rationale for allowing interlocutory appeal of an order *denying* immunity is that the defendant's right to be free from standing trial can not be effectively vindicated on appeal after trial. *See Mitchell v. Forsyth*, 472 U.S. 511, 524–30, 105 S.Ct. 2806, 2814–17, 86 L.Ed.2d 411 (1985); *Pueblo Neighborhood Health Centers, Inc. v. Losavio*, 847 F.2d 642, 644 (10th Cir.1988). A *grant* of immunity, in contrast, "may be fully and effectively reviewed after final judgment. Accordingly, it does not fall under the collateral order doctrine." *Branson*, 912 F.2d at 335.

We therefore dismiss this appeal for lack of jurisdiction.

---

1. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.