**Frances WINFREY, Dr.,**
**Plaintiff–Appellant,**

v.

**The SCHOOL BOARD OF DADE COUNTY, FLORIDA, Dr. Tee Greer, Russell Wheatley, Defendants–Appellees.**

No. 94–4256.

United States Court of Appeals, Eleventh Circuit.

July 7, 1995.

Louis M. Jepeway, Jr., Jepeway and Jepeway, P.A., Miami, FL, for appellant.

Phyllis Douglas, School Bd. of Dade County, Miami, FL, for appellees.

Before COX, Circuit Judge, HILL and REYNALDO G. GARZA *, Senior Circuit Judges.

* Honorable Reynaldo G. Garza, Senior U.S. Circuit Judge for the Fifth Circuit, sitting by designation.

PER CURIAM:

Dr. Frances Winfrey sued the School Board of Dade County, Florida, Dr. Tee Greer, the acting Superintendent of the School Board, and Russell Wheatley, the School Board's Assistant Superintendent of Alternative Education, alleging that they discriminated against her because of her race and gender. The district judge granted summary judgment in favor of Greer and Wheatley based on qualified immunity. Winfrey appeals, contending that the district court erred in granting Greer's and Wheatley's motions for summary judgment. Because there are still unresolved claims against the School Board in the district court, we find that the grant of summary judgment based on qualified immunity is not an appealable order and dismiss this appeal for lack of jurisdiction.

## I. FACTS AND PROCEDURAL HISTORY

Winfrey, a white woman, alleges that the defendants removed her from her position as principal of Jan Mann Opportunity School, replaced her with a black male, and demoted her because of her race and gender. The complaint contains six counts.[1] The defendants moved for summary judgment on all counts. The district judge, adopting a magistrate judge's report and recommendation, denied the motion as to Counts I, IV, V, and VI. However, the motion was granted as to Counts II and III.

The district court also granted summary judgment on the basis of qualified immunity in favor of Greer and Wheatley on all claims against them in their individual capacities. The sole issue Winfrey raises on appeal is whether the district judge properly granted Greer and Wheatley summary judgment because of qualified immunity.

## II. DISCUSSION

■ As a court of limited jurisdiction, we are obliged to examine the basis for our jurisdiction, doing so on our own motion if necessary. Thus, before we may address the merits of this appeal, we must determine whether the district court's order is appealable. *Save the Bay, Inc. v. The United States Army,* 639 F.2d 1100, 1102 (5th Cir. Feb. 1981).[2] Under 28 U.S.C. § 1291, courts of appeals have jurisdiction over appeals from all final decisions of the district courts of the United States. *Mathis v. Zant,* 903 F.2d 1368, 1370 (11th Cir.1990).

■ Fed.R.Civ.P. 54(b) provides that in actions involving multiple claims or multiple parties, an order that finally disposes of fewer than all the claims, or disposes of the claims against fewer than all the parties, does not ordinarily terminate the action in the district court. Rule 54(b) provides, however, that such an order is appealable if the district court (1) directs entry of judgment as to those claims or parties, and (2) expressly determines that there is no just reason for delay. Fed.R.Civ.P. 54(b); *Mullins v. Nickel Plate Mining Co.,* 691 F.2d 971, 973 (11th Cir.1982). In the absence of a certification by the district court that meets the requirements of Rule 54(b), a partial disposition of a multiclaim or multiparty action "does not qualify as a final judgment [under § 1291] and is ordinarily an unappealable interlocutory order." *Mullins,* 691 F.2d at 973. Because the district court in this case did not certify its order under Rule 54(b), that rule does not provide us with a basis for jurisdiction in this appeal.[3]

---

1. Count I is a 42 U.S.C. § 1983 claim, and alleges that the defendants discriminated against Winfrey because she was a white female. Count II is brought under 42 U.S.C. § 2000d, which prohibits discrimination on the basis of race, color, or national origin in programs receiving federal financial assistance. Count III alleges a violation of 20 U.S.C. § 1681, which prohibits discrimination against individuals on the basis of sex in educational programs receiving federal financial assistance. Count IV is brought under 42 U.S.C. § 2000e, prohibiting discrimination against employees on the basis of race, color, religion, sex, or national origin. Counts V and VI allege procedural due process violations, and are brought under § 1983.

2. In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), we adopted as binding precedent all decisions of the prior Fifth Circuit decided prior to October 1, 1981.

3. Following oral argument, Winfrey moved that this court allow her, within 30 days, to obtain a certificate from the district court to comply with

This court, however, does have jurisdiction over interlocutory appeals of certain "collateral" orders. The collateral order doctrine allows the immediate appeal of an interlocutory order under § 1291 if (1) the order is "effectively unreviewable" on appeal after trial; (2) the order conclusively determines the disputed question; and (3) the order resolves an important issue completely separate from the merits of the action. *Commuter Transp. Sys., Inc. v. Hillsborough County Aviation Auth.*, 801 F.2d 1286, 1289 (11th Cir.1986). District court orders denying summary judgment based on absolute or qualified immunity are immediately appealable under the collateral order doctrine even though other claims remain to be decided in the district court. *Mitchell v. Forsyth*, 472 U.S. 511, 525–28, 105 S.Ct. 2806, 2815–16, 86 L.Ed.2d 411 (1985).

This appeal, however, arises from an order granting summary judgment based on qualified immunity, not a denial of summary judgment. The Eleventh Circuit has not yet addressed whether an order granting summary judgment to fewer than all the defendants based on qualified immunity is reviewable under the collateral order doctrine. We now hold that we lack jurisdiction to review such an order.

Although in this case summary judgment has been granted to Greer and Wheatley, claims remain against the School Board. Unlike an order denying summary judgment based on qualified immunity,[4] "[a]n appellant's objection to the district court's order [granting summary judgment] is in no danger of becoming moot if appellate consideration is delayed until final judgment." *Thompson v. Betts*, 754 F.2d 1243, 1246 (5th Cir.1985) (holding that an order granting summary judgment based on absolute immunity to one defendant in a multidefendant case is not an appealable collateral order). Therefore, the district court's order is capable of being fully and effectively reviewed when the court issues a final judgment in this action. Accordingly, we hold that the collateral order doctrine does not apply in this case, and therefore we do not have jurisdiction to hear this appeal. *See Clemens v. Kansas*, 951 F.2d 287, 287–88 (10th Cir.1991) (order granting Eleventh Amendment immunity is not appealable while the suit remains pending against individual defendants); *Branson v. City of Los Angeles*, 912 F.2d 334, 335–36 (9th Cir.1990) (order dismissing § 1983 claim on grounds of judicial immunity may be effectively reviewed after final judgment); *Franzen v. Federal Land Bank*, 897 F.2d 973, 974 (8th Cir.1990) (finding no jurisdiction over an appeal of an order granting summary judgment based on judicial immunity where claims remained against some of the other parties in the case); *Coe ex rel. Coe v. Ziegler*, 817 F.2d 29, 29–30 (6th Cir.1987) (order granting absolute or qualified immunity against all but one defendant is not an appealable final decision); *Theis v. Smith*, 827 F.2d 260, 261 (7th Cir.1987) (order granting summary judgment based on judicial immunity not reviewable where claims remain against other defendants).

### III. CONCLUSION

An order granting summary judgment to some of the defendants based on qualified immunity is not a final order under § 1291 when claims remain against another defendant. We hold that the district court's grant of summary judgment in this case is not a collateral order subject to immediate review. Accordingly, we DISMISS this appeal for lack of subject matter jurisdiction.

**DISMISSED FOR LACK OF JURISDICTION.**

---

Rule 54(b) and to file a new notice of appeal. The motion is denied.

4. The collateral order doctrine applies to the denial of absolute or qualified immunity because these immunities are designed to protect the defendant not only from liability, but also from going to trial. Accordingly, after trial the defendant cannot obtain effective review of an order denying such immunity. *Mitchell*, 472 U.S. at 525–28, 105 S.Ct. at 2815–16; *Harris v. Deveaux*, 780 F.2d 911, 913 (11th Cir.1986); *Commuter Transp.*, 801 F.2d at 1289–90.