61 F.3d 911
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
MARBLED MURRELET (Brachyramphus Marmoratus); Environmental
Protection Information Center, Inc., Plaintiff-Appellants,
v.
Bruce BABBITT, Secretary, Department of the Interior; John
Turner, Director, United States Fish & Wildlife Service;
Marvin L. Plenert, Region 1 Director, United States Fish &
Wildlife Service; United States Fish & Wildlife Service;
Pacific Lumber Co.; California State Board of Forestry;
California Department of Forestry & Fire Protection,
Defendant-Appellees.
 No. 94-15194.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 10, 1995.
Decided July 13, 1995.
 
 1
 Before: CANBY and FERNANDEZ, Circuit Judges, and FITZGERALD, District Judge*
 
 
 2
 MEMORANDUM**
 
 
 3
 The Environmental Protection Information Center and the marbled murrelet,[1] a threatened species under federal law and an endangered one under California law, appeal the district court's dismissal of the state and federal defendants from their action alleging that the Pacific Lumber Company's (PALCO) harvesting of old-growth forest on private land violates the provisions of the Endangered Species Act, 16 U.S.C. Sec. 1531 et seq., and its California equivalent, Fish & Game Code sections 2050 et seq. EPIC also appeals the dismissal of its claim against PALCO under the California Endangered Species Act. We dismiss the appeal.[2]
 
 DISCUSSION
 A. 28 U.S.C. Sec. 1292(a)(1)
 
 4
 Section 1292(a)(1) allows interlocutory appeals of orders "granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions." EPIC claims that because the district court's order of dismissal "had the substantial effect" of foreclosing injunctive relief against the federal and state defendants, it is appealable. See Tagupa v. East-West Ctr., Inc., 642 F.2d 1127, 1129 (9th Cir. 1981). We disagree, and therefore find that we lack jurisdiction under Sec. 1292 to review EPIC's appeal.
 
 
 5
 The Supreme Court has articulated a three-part test for determining whether an order that does not itself grant or deny injunctive relief is appealable under Sec. 1292(a)(1). First, the order must have the practical effect of entering or refusing to enter an injunction. Second, the order must have "'serious, perhaps irreparable, consequence."' Carson v. American Brands, Inc., 450 U.S. 79, 84, 101 S. Ct. 993, 996-97, 67 L. Ed. 2d 59 (1981) (citation omitted). Finally, immediate appeal must be the only way to effectively challenge the order. See id. at 84, 101 S. Ct. at 997; Rosenfeld v. United States, 859 F.2d 717, 722 (9th Cir. 1988).
 
 1. PALCO
 
 6
 The district court's dismissal of EPIC's CESA claim against PALCO is not appealable under Sec. 1291(a)(1). The court left standing EPIC's ESA claim against PALCO, and that left open the possibility of injunctive relief. Thus, the district court's dismissal of the CESA claim did not have the effect of refusing or foreclosing injunctive relief against PALCO, and EPIC cannot satisfy the first prong of the Carson test. Moreover, no serious consequences could be expected, and review on appeal from the final judgment will be effective.
 
 2. State Defendants
 
 7
 The injunctive relief EPIC sought against the state defendants was a halt to the THP 1-90-237 HUM timber harvest plan. The state defendants thus stood in the same position as PALCO as far as injunctive relief was concerned. The action for an injunction against PALCO itself would, perforce, answer the question posed one way or the other. If PALCO's actions were legal, no further state action could be posited. If PALCO's actions were illegal and enjoined, no further state action would be needed. The district court's order dismissing the state defendants cannot possibly be deemed to have "serious, perhaps irreparable consequences," and the dismissal order can be effectively reviewed on appeal from the final judgment.
 
 3. Federal Defendants
 
 8
 What we have said about the state defendants applies to the federal defendants. However, EPIC's complaint also prayed that the federal defendants be enjoined "from continuing to improperly delegate responsibility under the ESA to the state defendants through application of an incomplete cooperative agreement."[3] EPIC argues that it thus sought injunctive relief far beyond simply enjoining PALCO's timber harvest plan. It sought, it says, to compel the federal defendants to carry out a panoply of responsibilities in regard to the marbled murrelet, including designation of its critical habitat, issuance of regulations, development of recovery plans, and acquisition of land containing its habitat.
 
 
 9
 Even if EPIC's claim against the federal defendants can be so broadly viewed, the order dismissing them is not reviewable under Sec. 1292(a)(1) because EPIC has not pointed to any "serious, perhaps irreparable, consequence" it might sustain other than the destruction of the Owl Creek habitat, which the district court retained authority to permanently enjoin by allowing EPIC's ESA claim against PALCO to go forward and by issuing a preliminary injunction. If EPIC truly sought massive federal court intervention to preclude wrongful future actions, that phase of its complaint could await the normal appeal process.
 
 B. Collateral Order Doctrine
 
 10
 An order is appealable under the collateral order doctrine of Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 69 S. Ct. 1221, 93 L. Ed. 1528 (1949), only if it (1) conclusively determines the disputed question; (2) resolves an important issue completely separate from the merits of the action; and (3) is effectively unreviewable on appeal from a final judgment. Federal Land Bank v. L.R. Ranch Co., 926 F.2d 859, 862 (9th Cir. 1991). "Failure to meet any of these three elements is fatal." Branson v. City of Los Angeles, 912 F.2d 334, 335 (9th Cir. 1990).
 
 
 11
 The district court's dismissal of EPIC's CESA claim against PALCO is not "completely separate" from the merits of the action. CESA and ESA, although not identical, each concern the protection of threatened and endangered species. The district court allowed EPIC's ESA claim against PALCO to go forward, and each claim sought the same relief--cessation of the Owl Creek timber harvesting plan. Because EPIC's CESA claim against PALCO is closely related to the merits of its ESA claim, it is not "collateral."
 
 
 12
 The same is true of the various claims against the state and federal defendants. It is clear that those are not, and cannot be, completely separate from the merits of the remainder of the action against PALCO regarding the THP. Indeed, the question of whether the state and federal defendants have been remiss in the performance of their duties is inextricably bound up with the question of whether PALCO itself should be enjoined from cutting timber. See In re Westwood Shake & Shingle, Inc., 971 F.2d 387, 390 (9th Cir. 1992). Even if the complaint against the federal defendants could assume the greater breadth that EPIC now argues for, that broader issue can be effectively reviewed on appeal from the final judgment.
 
 CONCLUSION
 
 13
 Because we find that we lack jurisdiction to review EPIC's appeal, we do not reach the merits of its arguments.
 
 
 14
 DISMISSED.
 
 
 
 *
 Honorable James M. Fitzgerald, Senior United States District Judge, United States District Court for the District of Alaska, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The appellants are collectively referred to as "EPIC."
 
 
 [2]
 The district court's dismissal did not dispose of all claims or parties and there was no certification pursuant to Federal Rule of Civil Procedure 54(b)
 
 
 [3]
 The third type of injunctive relief EPIC sought in its complaint from the federal defendants was a prohibition on their issuing any "incidental take" permits that did not comply with the provisions of the ESA. Before the district court, PALCO moved to strike this portion of the complaint, and EPIC did not oppose the motion. Accordingly, it was granted by the district court, and EPIC has not challenged that ruling on appeal. Therefore, it is not at issue here