96 F.3d 598
 LaTRIESTE RESTAURANT AND CABARET, INC., d/b/a The Diamond
Club; The Diamond Club, Plaintiffs-Appellants-Respondents,
v.
VILLAGE OF PORT CHESTER; Domenick Tamarro; James Savage;
Christine Korff; Michael Antaki; Thomas Ceruzzi;
Janusz Richards; Zoning Board of the
Village of Port Chester, Defendants,
John Branca; Anthony Fontana; John Belfatto; Carl
Verrastro, Defendants-Appellees-Movants.
 Docket No. 96-7873.
 United States Court of Appeals,
Second Circuit.
 Argued Sept. 17, 1996.
Decided Sept. 20, 1996.
 
 James L. Fischer, London Fischer, New York City, for Defendants-Appellees-Movants.
 Ronald Cohen, of counsel to Tashjian & Padian, New York City, for Plaintiffs-Appellants-Respondents.
 Before: LUMBARD, MESKILL, and WINTER, Circuit Judges.
 PER CURIAM:
 
 
 1
 The Village of Port Chester and the individual appellees move to dismiss LaTrieste's appeal from Judge Parker's summary judgment order, dismissing LaTrieste's claims against certain defendants on the grounds of qualified immunity. Movants argue that we lack jurisdiction to hear the appeal because the summary judgment is not a final order. We agree.
 
 
 2
 We have jurisdiction over appeals from final orders and decisions of the district court. 28 U.S.C. § 1291. In general, an order denying summary judgment or granting partial summary judgment cannot by itself form the basis of an appeal because it is nonfinal. United States v. 228 Acres of Land & Dwelling, 916 F.2d 808, 811 (2d Cir.1990), cert. denied sub. nom., Moreno v. U.S. Drug Enforcement Admin., 498 U.S. 1091, 111 S.Ct. 972, 112 L.Ed.2d 1058 (1991). Nonetheless, a district court decision may be appealed under the collateral order doctrine if it " 'finally determine[s] claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated.' " Weaver v. Brenner, 40 F.3d 527, 533 (2d Cir.1994) (quoting Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546, 69 S.Ct. 1221, 1226, 93 L.Ed. 1528 (1949)).
 
 
 3
 A denial of summary judgment based on qualified immunity may be appealable because the very thing from which the defendant is immune--a trial--will, absent review, occur and cannot be remedied by a later appeal. Johnson v. Jones, --- U.S. ----, ---- - ----, 115 S.Ct. 2151, 2155-56, 132 L.Ed.2d 238 (1995); Mitchell v. Forsyth, 472 U.S. 511, 526-27, 105 S.Ct. 2806, 2815-16, 86 L.Ed.2d 411 (1985). A grant of summary judgment based on qualified immunity does not lead to any loss of right that cannot be remedied on appeal. Branson v. City of Los Angeles, 912 F.2d 334, 335 & n. 1 (9th Cir.1990).
 
 
 4
 All circuits that have considered whether the collateral order doctrine confers appellate jurisdiction over appeals arising from a grant of partial summary judgment based on qualified immunity have universally held that such a judgment is not immediately appealable. See Winfrey v. School Bd., 59 F.3d 155, 158 (11th Cir.1995) (per curiam); Clemens v. Kansas, 951 F.2d 287, 288 (10th Cir.1991); Branson, 912 F.2d at 335; Franzen v. Federal Land Bank, 897 F.2d 973, 974 (8th Cir.1990) (per curiam); Theis v. Smith, 827 F.2d 260, 261 (7th Cir.1987) (per curiam); Coe ex rel. Coe v. Ziegler, 817 F.2d 29, 30 (6th Cir.1987) (per curiam); Thompson v. Betts, 754 F.2d 1243, 1246 (5th Cir.1985). We adopt the reasoning in Winfrey, 59 F.3d at 158, and hold that we lack jurisdiction under these circumstances.
 
 
 5
 We therefore grant the motion to dismiss LaTrieste's appeal.