**PUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

LAMONT JUARQUES BAIRD,
<u>Plaintiff-Appellant,</u>

v.

JOSEPH D. PALMER, in his individual
capacity,
<u>Defendant-Appellee,</u>

and

BUNCOMBE COUNTY, a North
Carolina Body Corporate and
Politic; CHARLES H. LONG, in his
official capacity as former
Buncombe County Sheriff; RICK
RADCLIFF, in his official capacity as
Deputy Sheriff of Buncombe

County; STEVE MYERS, in his official
capacity as Deputy Sheriff of
Buncombe County; KEN LANCE, in
his official capacity as Deputy
Sheriff of Buncombe County; SAM
EVANGELOU, in his official capacity
as Deputy Sheriff of Buncombe
County; CITY OF ASHEVILLE, NORTH
CAROLINA, a North Carolina
Municipal Corporation; JOSEPH D.
PALMER, in his official capacity as
an Asheville Police Officer;
RELIANCE INSURANCE COMPANY,
INCORPORATED,
<u>Defendants.</u>

No. 96-7344

Appeal from the United States District Court
for the Western District of North Carolina, at Asheville.
Lacy H. Thornburg, District Judge.
(CA-95-63-1)

Argued: April 10, 1997

Decided: June 3, 1997

Before WILKINSON, Chief Judge, and HAMILTON and
MOTZ, Circuit Judges.

_____

Dismissed by published opinion. Judge Hamilton wrote the opinion,
in which Chief Judge Wilkinson and Judge Motz joined.

_____

**COUNSEL**

**ARGUED:** Howard C. McGlohon, Asheville, North Carolina, for
Appellant. Frank Parrott Graham, ROBERTS & STEVENS, P.A.,
Asheville, North Carolina, for Appellee.

_____

**OPINION**

HAMILTON, Circuit Judge:

The issue in this case is whether we have jurisdiction to hear the
appeal of a grant of summary judgment in favor of a defendant on the
basis of qualified immunity, where claims remain pending in the dis-
trict court. Concluding that we lack jurisdiction in such circum-
stances, we dismiss the appeal.

I.

This suit arises out of the warrantless detention of Appellant
Lamont Baird (Baird) on February 26, 1994, initially on suspicion of

2

armed robbery and, later, on suspicion of murder. Baird was released approximately six hours after he was detained when he was cleared of any suspicion of wrongdoing.

As a result of his detention, Baird filed suit on February 27, 1995 in the United States District Court for the Western District of North Carolina against Buncombe County, North Carolina; the former sheriff of Buncombe County and various deputy sheriffs; the City of Asheville, North Carolina; and Joseph D. Palmer (Palmer), individually and in his official capacity as an Asheville City Police Officer. Baird brought his suit pursuant to 42 U.S.C. §§ 1981, 1983, and 1985, alleging that the defendants violated his rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. In addition, Baird asserted causes of action based on state law for assault and battery, intentional infliction of emotional distress, intentional infliction of pain and suffering, invasion of privacy, and false imprisonment and false arrest.

On May 28, 1996, Palmer, in his individual capacity, filed a motion for summary judgment in which he asserted that he was entitled to qualified immunity. On July 24, 1996, the district court granted Palmer's motion for summary judgment in his individual capacity and entered an order dismissing Palmer as a defendant, in his individual capacity. Baird noted a timely appeal. In response to Baird's appeal, the district court entered an order on August 27, 1996, staying all pending matters in the case, including motions for summary judgment filed by Baird and the remaining defendants, pending our resolution of this appeal.

II.

As a court of limited jurisdiction, we must ensure that we have jurisdiction to hear each appeal that is filed, doing so on our own motion if necessary. See Winfrey v. School Bd. of Dade County, 59 F.3d 155, 157 (11th Cir. 1995). Under 28 U.S.C.§ 1291, federal appellate courts have jurisdiction over appeals from all "final decisions" of the district courts of the United States. See 28 U.S.C. § 1291. This finality requirement serves the dual purpose of avoiding undue delay in the ultimate resolution of disputes and preserving "the primacy of the district court as the arbiter of the proceedings before

3

it." <u>MDK, Inc. v. Mike's Train House, Inc.</u>, 27 F.3d 116, 119 (4th Cir. 1994).

Where a suit remains pending in the district court, an order dismissing one claim or defendant but not others ordinarily is not final. <u>See MDK, Inc.</u>, 27 F.3d at 119 (appellate review is generally limited to those orders which end the litigation on the merits and leave nothing for the court to do but execute the judgment); <u>see also</u> FED. R. CIV. P. 54(b) (an order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not ordinarily terminate the action). Federal Rule of Civil Procedure 54(b), however, provides that such an order may be immediately appealed if the district court: (1) expressly directs entry of judgment as to those claims or parties; and (2) expressly determines that there is no just reason for delay. <u>See id.</u>; <u>Winfrey</u>, 59 F.3d at 157; <u>see also Braswell Shipyards, Inc. v. Beazer East, Inc.</u>, 2 F.3d 1331, 1335-1336 (4th Cir. 1993) (discussing Rule 54(b) and the necessity of district court findings to support a Rule 54(b) certification). In this case, the district court neither expressly directed entry of judgment nor did it expressly determine that there was no just reason for delay. Therefore, the district court did not certify its order under Rule 54(b), and consequently, Rule 54(b) does not provide us with a basis for jurisdiction of this appeal.

Although the district court's order is not a "final order," this court does have jurisdiction over interlocutory appeals of certain "collateral" orders under the "collateral order doctrine." <u>See Winfrey</u>, 59 F.3d at 158; <u>MDK</u>, 27 F.3d at 120. Orders that may be immediately appealed under this doctrine are orders "which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." <u>Cohen v. Beneficial Indus. Loan Corp.</u>, 337 U.S. 541, 546 (1949). The collateral order doctrine, then, permits the immediate appeal of "classes of orders in which the considerations that favor immediate appeals seem comparatively strong and those that disfavor such appeals seem comparatively weak." <u>Johnson v. Jones</u>, 115 S. Ct. 2151, 2155 (1995). For example, the denial of a motion to dismiss based on an immunity defense may be immediately appealed, even where claims against other defendants remain pending

4

in the district court. <u>See Mitchell v. Forsyth</u> , 472 U.S. 511, 530 (1985). Such an order may be immediately appealed because, <u>inter alia</u>, immunity is immunity from suit and not a mere defense to liability; therefore, it is effectively lost if the party cannot appeal until after the final order is entered. <u>See id.</u> at 525-27.

The Supreme Court recently articulated the requirements of the collateral order doctrine in <u>Johnson</u>. <u>See Johnson</u>, 115 S. Ct. at 2155. To be immediately appealable under the collateral order doctrine, an order must: (1) conclusively determine the disputed question; (2) resolve an important issue completely separate from the merits of the action; and (3) be effectively unreviewable on appeal from a final judgment. <u>See id.</u>; <u>Legal Representative for Future Claimants v. Aetna Cas. & Sur. Co. (In re: The Wallace & Gale Co.)</u>, 72 F.3d 21, 24 (4th Cir. 1995).

This circuit has not previously addressed whether an order dismissing claims against a defendant on the basis of immunity where other claims remain pending in the district court may be appealed under the collateral order doctrine. Other circuits, however, uniformly hold that such an order does not satisfy the collateral order doctrine and may not be immediately appealed. <u>See, e.g.</u>, <u>LaTrieste Restaurant & Cabaret, Inc. v. Village of Port Chester</u>, 96 F.3d 598, 600 (2d Cir. 1996) (qualified immunity); <u>Winfrey</u>, 59 F.3d at 158 (qualified immunity); <u>Branson v. City of Los Angeles</u>, 912 F.2d 334, 335 (9th Cir. 1990) (absolute immunity); <u>Theis v. Smith</u>, 827 F.2d 260, 261 (7th Cir. 1987) (absolute immunity); <u>Thompson v. Betts</u>, 754 F.2d 1243, 1246 (5th Cir. 1985) (absolute immunity); <u>see also Clemens v. Kansas</u>, 951 F.2d 287, 288 (10th Cir. 1991) (Eleventh Amendment immunity); <u>Franzen v. Federal Land Bank</u>, 897 F.2d 973, 974 (8th Cir. 1990) (finding that court lacked jurisdiction to hear appeal from an order granting summary judgment based on absolute immunity where claims against other parties remained pending). These courts reason that, unlike a denial of summary judgment on the basis of immunity, an order granting immunity from suit may be "fully and effectively reviewed after final judgment." <u>Branson</u>, 912 F.2d at 335; <u>see, e.g.</u>, <u>LaTrieste</u>, 96 F.3d at 599; <u>Winfrey</u>, 59 F.3d at 158. Therefore, the third requirement of the collateral order doctrine--that the order be effectively unreviewable on appeal from a final judgment--is not

5

met, and the collateral order doctrine does not confer appellate jurisdiction in these circumstances. See Branson, 912 F.2d at 335.

We agree with the reasoning of these decisions and hold that the collateral order doctrine does not confer appellate jurisdiction over an order dismissing claims against a defendant on the basis of qualified immunity, where other claims remain pending in the district court. As discussed above, the finality requirement contained in § 1291 serves the important purpose of avoiding the piecemeal review of ongoing district court proceedings. While the importance of avoiding multiple appeals and any interference with district court proceedings may be outweighed where an order will not be effectively reviewable following final judgment, an order granting summary judgment on the basis of qualified immunity may be fully reviewed after final judgment is entered, removing a primary justification for permitting the immediate appeal. Because the third requirement for the application of the collateral order doctrine is not satisfied by a non-final order granting qualified immunity, such an order may not be immediately appealed as a collateral order under Cohen.

III.

In this case, claims remain pending in the district court against all other defendants to this action, including Palmer, in his official capacity. Because the district court has not certified its order as final under Rule 54(b) and because its order does not fall within the collateral order doctrine, we lack jurisdiction to hear this appeal. Accordingly, this appeal is dismissed.

DISMISSED

6