**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

MICHAEL R. WARD,
Plaintiff-Appellant,

v.

No. 99-1250

SHEILA A. WIDNALL, Secretary,
United States Department of the
Air Force,
Defendant-Appellee.

MICHAEL R. WARD,
Plaintiff-Appellant,

v.

No. 99-1260

SHEILA A. WIDNALL, Secretary,
United States Department of the
Air Force,
Defendant-Appellee.

Appeals from the United States District Court
for the District of Maryland, at Greenbelt.
Charles B. Day, Magistrate Judge.
(CA-98-1273-DKC)

Submitted: April 6, 1999

Decided: October 22, 1999

Before MURNAGHAN and NIEMEYER, Circuit Judges,
and PHILLIPS, Senior Circuit Judge.

_____

Dismissed by unpublished per curiam opinion.

**COUNSEL**

Michael R. Ward, Appellant Pro Se. Lynne Ann Battaglia, United States Attorney, Charles Joseph Peters, Sr., OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Michael Ward appeals the district court order entered January 15, 1999, awarding Sheila Widnall, Secretary of the Department of the Air Force ("Defendant"), summary judgment on his claim that the Department of the Air Force discriminated against him in violation of the Rehabilitation Act of 1973, 29 U.S.C. § 701-797 (West 1985 & Supp. 1998). He also seeks permission to appeal the district court order entered February 10, 1999, denying his motion for summary judgment on his claim that the Department of the Air Force discriminated against him in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C.A. §§ 621-634 (West 1985 & Supp. 1998).

This court may exercise jurisdiction only over final orders, 28 U.S.C. § 1291 (1994), and certain interlocutory and collateral orders. See 28 U.S.C. § 1292 (1994); Fed. R. Civ. P. 54(b); Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541 (1949). Although the district court's January 15th order awarded Defendant summary judgment on Ward's Rehabilitation Act claim, his ADEA claim remains pending in the district court. Because the district court did not certify its January 15th order as final under Fed. R. Civ. P. 54(b), and because the order does not fall within the collateral order doctrine, this court presently lacks jurisdiction to consider Ward's appeal of that order. See Baird v. Palmer, 114 F.3d 39, 43 (4th Cir. 1997).

2

For this court to possess jurisdiction under 28 U.S.C. § 1292(b), the district court must state in writing in the order to be appealed from that the order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b). The district court's February 10th order contains no such statement. Therefore, that order is not appealable under § 1292(b). See Fed. R. App. P. 5(a) (petition for permission to appeal may be sought from interlocutory order containing statement prescribed by 28 U.S.C. § 1292(b)).

Both the orders from which Ward appeals are non-appealable interlocutory orders. We therefore dismiss Ward's appeal from the district court's January 15th order and grant Defendant's motion to dismiss Ward's appeal from the district court's February 10th order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED