In re WIRELESS TELEPHONE RA-
DIO FREQUENCY EMISSIONS
PRODUCTS LIABILITY LITIGA-
TION

This Document relates to: Naquin,
et. al. v. Nokia, Inc., et. al.
(E.D.La.).

No. MDL 1421.

United States District Court,
D. Maryland.

Sept. 4, 2002.

H. Russell Smouse, Law Offices of Peter G. Angelos, Baltimore, MD, for Plaintiff.

### *MEMORANDUM*

BLAKE, District Judge.

The plaintiffs in this multidistrict litigation brought five class actions against defendants in state court in the states of Maryland, Pennsylvania, New York, Georgia, and Louisiana. Asserting federal jurisdiction under several theories, the defendants filed notices of removal under 28 U.S.C. § 1441(b). In response, plaintiffs moved for remand pursuant to 28 U.S.C. § 1447(c), and requested that each case be

sent back to the relevant state court from which it had been removed. The Judicial Panel on Multidistrict Litigation transferred the cases to this court.[1] On June 21, 2002, this court entered a Memorandum and Order denying plaintiffs' consolidated and renewed motion for remand.

Having resolved the question of federal jurisdiction, the court now considers a motion that was pending in the *Naquin* case from Louisiana before it was transferred to this court. On August 28, 2001, Judge Ivan Lemelle, of the United States District Court for the Eastern District of Louisiana, granted summary judgment to Defendant Radiofone, Inc. ("Radiofone") because the plaintiffs' causes of action depended on the presence of a contract of sale, and there was no contract of sale between the *Naquin* plaintiffs and Radiofone. (*See* Docket # 148.) *See also* 2001 WL 1242257. As a result, Radiofone filed a Motion to Direct Entry of Final Judgment Pursuant to Rule 54(b). (*See* Docket # 153.) The motion has been fully briefed, (*see* Docket ## 153, 154, and 157), and no hearing is necessary. *See* Local Rule 105.6. For the reasons that follow, the court will deny the motion.

### ANALYSIS

Fed.R.Civ.P. 54(b) provides:

**Judgment Upon Multiple Claims or Involving Multiple Parties.** When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. . . .

A district court examining a Rule 54(b) motion must first determine whether it is dealing with a "final judgment." *Curtiss–Wright Corp. v. General Electric Co.,* 446 U.S. 1, 7, 100 S.Ct. 1460, 64 L.Ed.2d 1 (1980) (*citing Sears, Roebuck & Co. v. Mackey,* 351 U.S. 427, 76 S.Ct. 895, 100 L.Ed. 1297 (1956)). In other words, the court must have before it a " 'judgment' in the sense that it is a decision upon a cognizable claim for relief, and it must be 'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.' " *Id.* (*quoting Sears,* 351 U.S. at 436, 76 S.Ct. 895). Next, the court must expressly determine that there is no just reason for delay. *Curtiss–Wright,* 446 U.S. at 8, 100 S.Ct. 1460; *Baird v. Palmer,* 114 F.3d 39, 42 (4th Cir.1997); *see also* CHARLES A. WRIGHT, ARTHUR R. MILLER, & MARY KAY KANE, FED. PRAC. & PROC. JURIS.3D § 2656 at 60 (2002). The decision to certify a judgment as immediately appealable is left to the sound discretion of the district court, *id.* (*citing Sears,* 351 U.S. at 435, 76 S.Ct. 895), and the burden is on the movant to show that the case warrants certification, *Braswell Shipyards, Inc. v. Beazer East, Inc.,* 2 F.3d 1331, 1335 (4th Cir.1993) (citation omitted).

As the Fourth Circuit has explained, "The chief purpose of a Rule 54(b) certification is to prevent piecemeal appeals when multiple claims are resolved in the course of a single lawsuit." *Braswell,* 2 F.3d at 1335. At the same time, however, the Rule "allows the district court to provide relief to litigants that would suffer undue hardship if final judgment is not entered on the adjudicated claim prior to the resolution of the unadjudicated claims." *Id.* Taking both of these considerations into account, the court declines to grant Radiofone's request for entry of final

---

**1.** A sixth case, *Brower, et. al. v. Motorola Inc.,* *et. al.,* was transferred on July 5, 2002.

judgment at this time. The other defendants in this multidistrict litigation have filed a consolidated motion to dismiss, which will be fully briefed and orally argued on November 1, 2002. The court recognizes, therefore, that the need for Rule 54(b) certification might or might not be mooted by developments over the next few months. If the motion to dismiss proves to be dispositive, then all of the issues that have been raised in this multidistrict litigation, including but not limited to Judge Lemelle's grant of summary judgment to Radiofone, will be ready for appeal. If the motion to dismiss does not prove to be dispositive, then Radiofone may renew its Rule 54(b) certification request.

Accordingly, Radiofone's motion to direct entry of final judgment pursuant to Rule 54(b) will be denied. A separate Order follows.

### ORDER

For the reasons stated in the accompanying Memorandum, it is hereby Ordered that:

1. defendant Radiofone's motion to direct entry of final judgment (docket # 153) is **DENIED**; and

2. copies of this Order and the accompanying Memorandum shall be sent to counsel of record.