[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 06-12797

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 3, 2007
THOMAS K. KAHN
CLERK

D. C. Docket No. 05-20484-CV-CMA

SAUL D. THERMIDOR,

Plaintiff-Appellee,

versus

MIAMI-DADE COUNTY,

Defendant,

J. PIERRE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(July 3, 2007)**

Before CARNES, WILSON, Circuit Judges and STAGG,* District Judge.

_____

    * Honorable Tom Stagg, United States District Judge for the Western District of Louisiana, sitting by designation.

PER CURIAM:

Saul D. Thermidor ("Thermidor") brought suit against Jean Pierre ("Pierre"), a Miami-Dade Police Department ("MDPD") Officer, seeking 42 U.S.C. § 1983 relief based on Pierre's failure to release him after Pierre allegedly discovered that the arrest warrants for Thermidor were invalid.[1] The district court denied Pierre's motion for summary judgment on the basis of qualified immunity. We find that Pierre's actions did not violate a clearly established right, and accordingly, we reverse and remand the decision below.

*Background*

Pierre pulled over Thermidor in the early evening of November 7, 2003 for failing to stop completely at a red light. Thermidor gave Pierre his driver's license. Pierre then gave Thermidor's driver's license to another officer on the scene, who entered Thermidor's information into his computer. The computer search revealed that Thermidor was wanted on three felony warrants and one misdemeanor warrant. Pierre called the MDPD's Warrants Bureau to verify the warrants. He learned that Thermidor was previously charged in Dade County with perjury and unlawfully using a driver's license. Pierre was then provided a warrant control

_____

[1] Pierre and Miami-Dade County were co-defendants in district court. Pierre is the only defendant-appellant in this appeal.

2

number, allowing him to book Thermidor into a Miami-Dade County jail. He arrested Thermidor and issued him a citation for failing to stop completely at the red light. He then took Thermidor to a Miami-Dade County jail after his supervisor reviewed and approved the arrest affidavit.

The parties dispute what happened at the jail. Thermidor claims that Pierre received a telephone call when they arrived at the jail's parking lot, which informed Pierre that the outstanding warrants had been resolved. He then allegedly assured Thermidor that "[y]ou're not in trouble . . . . These things have been resolved." At that time, Thermidor allegedly asked Pierre, "Well, since you arrest me, that's the only charges you arrested me for [sic]. At this point we know or you know that these charges have already been resolved. So why don't you just release me instead of taking me through the process[?]" Pierre replied that he could not, and that the corrections officers would run another check, take fingerprints, and release him. Thermidor and Pierre entered the jail soon after that alleged exchange.

Pierre, however, denies ever telling Thermidor that he was not in trouble or that the warrants had already been resolved. Pierre claims that while he and Thermidor were inside the jail, a female corrections officer crossed off the three felony charges on the arrest form, left the misdemeanor charge, and asked Pierre to initial the changes. Thermidor was subsequently booked, remained in custody, and

3

was released on Sunday, November 9, 2003. After Thermidor's release, a state judge issued an order stating (1) that "the court record showed that matters listed on the alleged warrant were resolved and the case was closed" in 1991 and (2) "that a warrant was never issued by this Court for the arrest of Mr. Thermidor as alleged on the [arrest form]."

Thermidor filed suit asserting, *inter alia*, 42 U.S.C. § 1983 claims against Pierre. The district court granted partial summary judgment, finding that Pierre was entitled to qualified immunity for Thermidor's initial arrest and detention.[2] However, the court found that Pierre's probable cause for the initial arrest was vitiated when Pierre was provided information that invalidated the outstanding warrants and denied summary judgment on claims based on the continued arrest and detention. Pierre appeals this denial of qualified immunity.

*Jurisdiction*

As a general principle, we have jurisdiction over an interlocutory appeal from a district court's decision denying summary judgment on qualified immunity grounds. *See Jones v. Cannon*, 174 F.3d 1271,1280 (11th Cir. 1999); *Winfrey v. Sch. Bd. of Dade County,* 59 F.3d 155, 158 (11th Cir. 1995) (per curiam) ("District court orders denying summary judgment based on absolute or qualified immunity

---

[2]The parties agree that Pierre had probable cause to initially arrest Thermidor and that he acted within his discretionary authority.

are immediately appealable . . . even though other claims remain to be decided in the district court."). Thermidor claims, however, that Pierre's appeal is premature. He notes that a "defendant[] cannot immediately appeal . . . [a] fact-related district court determination." *Johnson v. Jones*, 515 U.S. 304, 307, 115 S. Ct. 2151, 2153, 132 L. Ed. 2d 238 (1995).

We disagree. *Johnson* involved a fact-related dispute about the pretrial record. *Id*. at 316, 115 S. Ct. at 2158. Here however, Pierre appeals the district court's denial of qualified immunity, a claim-dispositive question of law. *Cf. Behrens v. Pelletier*, 516 U.S. 299, 313, 116 S. Ct. 834, 842, 133 L. Ed. 2d 773 (1996) (stating that "*Johnson* reaffirmed that summary judgment determinations *are* appealable when they resolve a dispute concerning an 'abstract issu[e] of law' relating to qualified immunity—typically, the issue whether the federal right allegedly infringed was 'clearly established'") (alteration in original) (citation omitted). Our jurisdiction over the qualified immunity issue is thus unaffected by the parties' continued dispute about the facts. *See id*. at 312-13, 116 S. Ct. at 842 ("Denial of summary judgment often includes a determination that there are controverted issues of material fact, and *Johnson* surely does not mean that *every* such denial of summary judgment is nonappealable." (citation omitted)).

*Standard of Review*

5

"We review *de novo* a district court's disposition of a summary judgment motion based on qualified immunity," accepting as true Thermidor's version of the facts and drawing all justifiable inferences in his favor. *Durruthy v. Pastor*, 351 F.3d 1080, 1084 (11th Cir. 2003) (citing Fed. R. Civ. P. 56(c)). In doing so, we must determine "whether [Thermidor]'s allegations, if true, establish a constitutional violation." *Vinyard v. Wilson*, 311 F.3d 1340, 1346 (11th Cir. 2002) (internal quotation marks omitted). If so, we must next consider whether the right was clearly established. *Id.* Thermidor bears the burden of showing that Pierre is not entitled to qualified immunity for the continued detention. *See id.*

*Discussion*

An arrest made without probable cause violates the Fourth Amendment's prohibition against unreasonable seizures. *Davis v. Williams*, 451 F.3d 759, 764 n.8 (11th Cir. 2006). Similarly, an arrest made on the basis of an unambiguously invalid warrant is unconstitutional. *Pena-Borrero v. Estremeda*, 365 F.3d 7, 14 (1st Cir. 2004). Thermidor argues that if we accept his allegations as true, Pierre violated these Fourth Amendment protections by continuing to detain him after he received information that the felony warrants were invalid.

First, we are not convinced that Thermidor's version of the facts support finding that an unconstitutional seizure occurred in the parking lot. Even if we

6

accept that Pierre received information invalidating all warrants, at best, this establishes that Pierre received conflicting information about the status of these warrants. We do not agree that after receiving two separate confirmations that valid warrants existed, the single contradictory phone call *conclusively* vitiated Pierre's probable cause.

Second, even if we were to conclude that Pierre violated Thermidor's constitutional rights, we cannot find that these rights were clearly established. A right "is clearly established [when] it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Saucier v. Katz*, 533 U.S. 194, 202, 121 S. Ct. 2151, 2156, 150 L. Ed. 2d 272 (2001). "If the law did not put the officer *on notice* that his conduct would be *clearly* unlawful, summary judgment on qualified immunity is appropriate." *Id.*, 121 S. Ct. at 2156-57 (emphasis added). This standard permits reasonable errors about what the law requires. If the error is reasonable, "the officer is entitled to the immunity defense." *Saucier*, 533 U.S. at 205, 121 S. Ct. at 2158.

Thermidor first argues that the Fourth Amendment's plain language put Pierre on notice that the continued detention was unconstitutional. The Fourth Amendment states that "[t]he right of the people to be secure in their persons . . ., against *unreasonable* . . . seizures, shall not be violated . . .." U.S. CONST. amend.

IV (emphasis added). Pierre counters that a reasonable officer in the same situation would not release a potentially wanted suspect as soon as he learns new, conflicting information about the warrants' validity but would instead continue to detain the suspect and investigate further. We agree and we find that Pierre's conduct is "not so egregious as to violate . . . the Fourth Amendment on its face." *Vinyard*, 311 F.3d at 1351.

Additionally, our review of our case law does not support Thermidor's argument that the law was clearly established. We have no precedents directly on point that establish that Pierre's conduct was unreasonable at the time it occurred. Although "a general constitutional rule . . . may apply with obvious clarity to the specific conduct in question" despite the absence of precedents, that is not the case here. *United States v. Lanier*, 520 U.S. 259, 271, 117 S. Ct. 1219, 1227, 137 L. Ed. 2d 432 (1997). In this case, Pierre undertook a lawful stop and verified that he had probable cause before initially arresting Thermidor. In light of these facts, we do not think that the constitutional prohibitions against seizure applied with such obvious clarity that they would have compelled a reasonable officer to release Thermidor in the parking lot of the jailhouse. Accordingly, we find that the district court erred in denying qualified immunity, and we REVERSE and REMAND.

**REVERSED and REMANDED.**