UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

JULIE MARTIN, individually and as
the personal representative of the
estate of Matthew Martin, deceased,
                    *Plaintiff-Appellee,*

v.

DOUG DISHONG, individually and as
a Deputy Sheriff of Georgetown,
South Carolina,
                    *Defendant-Appellant,*

and

A. LANE CRIBB, individually and as
Sheriff of Georgetown, South
Carolina; JAMES EDWARDS,
individually and as a Deputy Sheriff
of Georgetown, South Carolina;
GEORGETOWN COUNTY, SOUTH
CAROLINA, a political subdivision of
the State of South Carolina,
                    *Defendants.*

No. 02-1173

JULIE MARTIN, individually and as
the personal representative of the
estate of Matthew Martin, deceased,
                    *Plaintiff-Appellant,*

                    v.

DOUG DISHONG, individually and as
a Deputy Sheriff of Georgetown,
South Carolina; A. LANE CRIBB,
individually and as Sheriff of
Georgetown, South Carolina,                    No. 02-1193
                    *Defendants-Appellees,*

                    and

JAMES EDWARDS, individually and as
a Deputy Sheriff of Georgetown,
South Carolina; GEORGETOWN
COUNTY, SOUTH CAROLINA, a political
subdivision of the State of South
Carolina,
                    *Defendants.*

Appeals from the United States District Court
for the District of South Carolina, at Charleston.
Patrick Michael Duffy, District Judge; William O. Bertlesman,
Senior District Judge, sitting by designation.
(CA-00-3148-2-23)

Argued: December 5, 2002

Decided: January 30, 2003

Before WILKINS and MOTZ, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**COUNSEL**

**ARGUED:** James Albert Stuckey, Jr., STUCKEY LAW OFFICES, L.L.C., Charleston, South Carolina, for Appellant. Thomas Joseph Rubillo, Georgetown, South Carolina, for Appellee. **ON BRIEF:** Alexia Pittas-Giroux, STUCKEY LAW OFFICES, L.L.C., Charleston, South Carolina, for Appellant.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Doug Dishong appeals an order of the district court denying his motion for summary judgment on grounds of qualified immunity. We affirm.[1]

I.

On review of the grant or denial of a motion for summary judgment, we view the evidence in the light most favorable to the non-moving party. *See Suarez Corp. Indus. v. McGraw*, 202 F.3d 676, 684 (4th Cir. 2000). Furthermore, because this is an interlocutory appeal from the denial of summary judgment and the order appealed from set forth the relevant facts, we must accept the facts as described in that order rather than conducting an independent review of the evidence. *See Gray-Hopkins v. Prince George's County*, 309 F.3d 224, 229-30 (4th Cir. 2002).

---

[1]Dishong's appeal (Case No. 02-1173) was consolidated with an appeal from the grant of summary judgment in favor of another Defendant (Case No. 02-1193). We dismiss the latter appeal for lack of jurisdiction. *See Baird v. Palmer*, 114 F.3d 39, 42-43 (4th Cir. 1997).

As the district court explained, this case arises from the fatal shooting of Matthew Martin in April 2000. Before the shooting, a deputy sheriff in Georgetown County, South Carolina, observed Martin in a place that made her suspect he was planning to dump trash illegally. When she approached to investigate, Martin fled in his truck. A second deputy saw Martin about fifteen minutes later and began pursuing him. This vehicle chase culminated at an intersection where Dishong and another deputy had set up a roadblock.

The deputies assert that when Martin reached the roadblock, he rammed Dishong's vehicle, backed up, collided with the vehicle again, backed up a second time, and then drove forward toward Dishong's vehicle once more. By contrast, Martin's wife (Plaintiff) alleges that Martin collided with Dishong's vehicle accidentally and then tried to turn away from the roadblock. It is undisputed that Dishong fired several shots at Martin during these events, that the other two deputies fired at his tires, and that a shot fired by Dishong caused Martin's death.

The parties offered conflicting evidence concerning the relative positions of Dishong and Martin at the moment when Dishong fired the fatal shot. Evidence presented by the defense placed Dishong next to his vehicle and in the path of Martin's on-coming truck. By contrast, Plaintiff offered evidence indicating that Dishong was safely inside his vehicle as Martin came toward it. Another scenario supported by Plaintiff's evidence placed Dishong behind his vehicle while Martin was attempting to drive away from the intersection.

Plaintiff sued Dishong under 42 U.S.C.A. § 1983 (West Supp. 2002), alleging that he employed deadly force without justification.[2] On summary judgment, the district court ruled that Dishong was not entitled to qualified immunity because constitutional limitations on the use of force were clearly established at the time of the shooting and a reasonable jury could find that Dishong breached those limits

---

[2]Plaintiff's complaint named three other Defendants in addition to Dishong. Two were voluntarily dismissed from the suit; the third, Sheriff A. Lane Cribb, prevailed on his motion for summary judgment. Plaintiff appealed from the judgment in favor of Cribb, but that appeal has been dismissed. *See supra* note 1.

by shooting at Martin without any reasonable fear that he was in danger. Dishong noted an immediate appeal from this order. *See Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985).

## II.

The use of deadly force against a fleeing suspect constitutes a seizure under the Fourth Amendment. *See Tennessee v. Garner*, 471 U.S. 1, 7 (1985); *see also Graham v. Connor*, 490 U.S. 386, 395 (1989) (holding that the Fourth Amendment governs all claims alleging excessive force by law officers attempting to effect an arrest). The use of deadly force is permissible only when "it is necessary to prevent the [suspect's] escape and the officer has probable cause to believe that the suspect poses a significant threat of death or serious physical injury to the officer or others." *Garner*, 471 U.S. at 3. Expounding on this rule, the Supreme Court said, "[I]f the suspect threatens the officer with a weapon or there is probable cause to believe that he has committed a crime involving the infliction or threatened infliction of serious physical harm, deadly force may be used if necessary to prevent escape . . . ." *Id.* at 11.

*Garner* thus approves the use of deadly force by a police officer against a fleeing suspect if the suspect (1) poses a threat to the officer, (2) poses a threat to others, or (3) has committed a serious violent crime. Dishong claims that the third condition is met here because Martin's attempt to ram Dishong with his truck amounted to a potentially lethal assault; thus, Dishong was justified in using deadly force to prevent Martin's escape even if Martin was driving away from the roadblock when the fatal shot was fired. During summary judgment proceedings, however, Dishong emphasized the first *Garner* condition, claiming that deadly force was warranted because he was in imminent peril at the moment he fired the fatal shot. This was the only component of *Garner* discussed by the district court, and it is consequently the only aspect of *Garner* we will address.[3]

---

[3]We do not decide whether Dishong is entitled to summary judgment on the basis advanced here—that he was preventing the escape of a dangerous criminal—or on the ground that Martin's flight would have posed a danger to others.

With our focus narrowed in this manner, we uphold the decision of the district court. As that court detailed in its order, the evidence in the summary judgment record would support different conclusions, depending on which evidence was believed by the trier of fact. One possible conclusion—that Dishong was standing outside his vehicle and Martin was driving directly toward him at the moment the fatal shot was fired—would support Dishong's assertion that he used deadly force to protect himself. But this assertion fails under other scenarios supported by other evidence, in which Dishong was safely inside or behind his vehicle. The district court correctly concluded that this dispute of fact precludes the entry of summary judgment based on the assertion that Dishong reasonably feared for his own safety when he fired the shot that killed Martin. *See* Fed. R. Civ. P. 56(c) (stating that summary judgment is appropriate if "there is no genuine issue as to any material fact").

## III.

For the reasons stated above, we affirm the decision of the district court denying Dishong's motion for summary judgment.

*AFFIRMED*