**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

JULIE MARTIN, individually and as
the personal representative of the
estate of Matthew Martin, deceased,
*Plaintiff-Appellee,*

v.

DOUG DISHONG, individually and as
a Deputy Sheriff of Georgetown
County, SC,

*Defendant-Appellant,*

and

A. LANE CRIBB, individually and as
Sheriff of Georgetown County, SC;
JAMES EDWARDS, individually and as
a Deputy Sheriff of Georgetown
County, SC; GEORGETOWN COUNTY, a
political subdivision of the State of
South Carolina,

*Defendants.*

No. 03-2062

Appeal from the United States District Court
for the District of South Carolina, at Charleston.
Patrick Michael Duffy, District Judge;
William O. Bertelsman, Senior District Judge.
(CA-00-3148-2-23)

Argued: May 4, 2004

Decided: July 9, 2004

Before WILKINS, Chief Judge, MOTZ, Circuit Judge,
and C. Arlen BEAM, Senior Circuit Judge of the
United States Court of Appeals for the Eighth Circuit,
sitting by designation.

Reversed and remanded with instructions by unpublished per curiam opinion.

---

## COUNSEL

**ARGUED:** Alexia Pittas-Giroux, STUCKEY LAW OFFICES, LLC, Charleston, South Carolina, for Appellant. Thomas Joseph Rubillo, Georgetown, South Carolina, for Appellee. **ON BRIEF:** Robin Lilley Jackson, STUCKEY LAW OFFICES, LLC, Charleston, South Carolina, for Appellant. William Stuart Duncan, DUNCAN, CROSBY & MARING, Georgetown, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Doug Dishong appeals an order of the district court denying his motion for summary judgment on the ground of qualified immunity. We reverse and remand with instructions to grant summary judgment in favor of Dishong.

I.

A. *The Prior Appeal*

This case has been before this court once before, also on interlocutory appeal from an order denying summary judgment. *See Martin v. Dishong (Dishong I)*, 57 Fed. Appx. 153 (4th Cir. 2003) (per curiam). As we explained in the prior appeal, this case concerns the shooting death of Matthew Martin by Dishong, a deputy sheriff in Georgetown County, South Carolina. *See id.* at 154.

In *Dishong I*, we explained the relevant facts as follows:

> Before the shooting, a deputy sheriff [other than Dishong] . . . observed Martin in a place that made her suspect he was planning to dump trash illegally. When she approached to investigate, Martin fled in his truck. A second deputy saw Martin about fifteen minutes later and began pursuing him. This vehicle chase culminated at an intersection where Dishong and another deputy had set up a roadblock.
>
> The deputies assert that when Martin reached the roadblock, he rammed Dishong's vehicle, backed up, collided with the vehicle again, backed up a second time, and then drove forward toward Dishong's vehicle once more. By contrast, Martin's wife (Plaintiff) alleges that Martin collided with Dishong's vehicle accidentally and then tried to turn away from the roadblock. It is undisputed that Dishong fired several shots at Martin during these events . . . and that a shot fired by Dishong caused Martin's death.
>
> The parties offered conflicting evidence concerning the relative positions of Dishong and Martin at the moment when Dishong fired the fatal shot. Evidence presented by the defense placed Dishong next to his vehicle and in the path of Martin's oncoming truck. By contrast, Plaintiff offered evidence indicating that Dishong was safely inside his vehicle as Martin came toward it. Another scenario supported by Plaintiff's evidence placed Dishong behind his vehicle while Martin was attempting to drive away from the intersection.

*Id.* at 154-55.

In response to her husband's death, Plaintiff filed this action pursuant to 42 U.S.C.A. § 1983 (West 2003), alleging that Dishong violated Martin's Fourth Amendment rights by employing deadly force without justification. After discovery, Dishong moved for summary judgment, contending that he was entitled to qualified immunity. Dishong maintained that at the time of the shooting, Martin was trying

to kill him by ramming his vehicle and that he was therefore entitled to use deadly force in self-defense.

The district court denied Dishong's motion. Noting that the parties had presented conflicting evidence concerning Martin's actions prior to the shooting, the court reasoned that a jury could find that (i) Martin did not act with intent to harm Dishong and (ii) no reasonable officer could have concluded otherwise. In light of these possible findings, the court ruled that the evidence in the record created a genuine issue of material fact on the question of whether Dishong could reasonably have concluded that Martin posed a threat to his life or safety.

In *Dishong I*, we affirmed this ruling. *See Dishong I*, 57 Fed. Appx. at 155-56. Citing *Tennessee v. Garner*, 471 U.S. 1 (1985), we explained that the Supreme Court has "approve[d] the use of deadly force by a police officer against a fleeing suspect if the suspect (1) poses a threat to the officer, (2) poses a threat to others, or (3) has committed a serious violent crime." *Dishong I*, 57 Fed. Appx. at 155. We concluded that conflicts in the evidence precluded the entry of summary judgment based on the first *Garner* category (self-protection by the officer).

In addition, we declined to consider alternative arguments invoking the other two *Garner* categories. In support of these arguments, Dishong alleged that Martin committed at least two violent felonies by deliberately colliding with Dishong's vehicle, and that Dishong was therefore permitted to use deadly force to effect the arrest of a dangerous criminal and to prevent Martin from harming others in the community. Because the district court had not addressed these issues, we did not decide whether summary judgment on these grounds would be appropriate. *See id.* at 155 & n.3.

### B.  *Proceedings on Remand*

On remand, Dishong asked the district court to address the arguments it had not earlier considered (concerning *Garner* categories 2 and 3). The court once again denied summary judgment.

Regarding the second *Garner* category (use of deadly force to prevent harm to others), Dishong argued that Martin had already driven at high speeds to avoid arrest and that he was likely to do so again if he escaped from the corral of police vehicles; in light of this risk, Dishong contended, he was justified in using deadly force to prevent Martin from fleeing the scene in a manner that posed a threat to others. The district court rejected this basis for summary judgment, relying on evidence that Dishong fired the fatal shot as Martin's truck rolled slowly away from the roadblock.

The court also rejected Dishong's claim that he was justified in using deadly force to prevent a felon from escaping (the third *Garner* category). Dishong argued that Martin's attempts to ram Dishong's vehicle amounted to felonious assaults. The court ruled that summary judgment on this basis would be inappropriate because Dishong's argument rested on the premise that Martin's collisions with Dishong's vehicle were intentional, and the court had already found that there was conflicting evidence on the question of whether Dishong reasonably determined that Martin collided with Dishong's vehicle intentionally.

## II.

On appeal, Dishong renews his claim that he is entitled to summary judgment on the question of qualified immunity. The doctrine of qualified immunity shields government officials from liability for conduct that "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Wilson v. Layne*, 526 U.S. 603, 609 (1999) (internal quotation marks omitted). In determining whether a law enforcement officer is entitled to qualified immunity with respect to a claim that the officer used excessive force, we must evaluate the officer's actions "from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Graham v. Connor*, 490 U.S. 386, 396 (1989). Thus, an officer is entitled to qualified immunity if a reasonable officer under the same circumstances would have determined that the force used was necessary. *See Jones v. Buchanan*, 325 F.3d 520, 527 (4th Cir. 2003). Applying this standard, we conclude that a reasonable officer in Dishong's circumstances at the time of the fatal shooting could validly have inferred that Martin posed a continuing danger to others.

We therefore hold that the district court erred in denying summary judgment.

Under the second prong of *Garner*, the use of deadly force was permissible if Martin posed a danger to others. Certainly, Martin's high-speed flight through a residential neighborhood posed such a danger. And once he had freed himself from the corral of police vehicles, which apparently occurred shortly before the fatal shot was fired, Martin could have resumed his risky flight.

Plaintiff contends that Martin did not intend to flee. In support, she relies on evidence that, once Martin left the corral, his truck moved at "walking speed" before rolling to a stop. J.A. 254 (internal quotation marks omitted). Based on this evidence, Plaintiff asks us to infer that Martin only intended to pull over to the side of the road. We do not find this inference plausible, however, in light of Martin's earlier conduct. In any event, Dishong could reasonably have reached the opposite inference—namely, that Martin was attempting to accelerate away from the scene. Moreover, while Martin or his truck may have been so disabled that he could not have escaped regardless of his intentions, there is no evidence that Dishong was aware of such a condition. Accordingly, Dishong was entitled to qualified immunity on the question of whether he properly used force to prevent Martin's escape.*

III.

For the foregoing reasons, we reverse the decision of the district court and remand with instructions to grant summary judgment in favor of Dishong.

*REVERSED AND REMANDED WITH INSTRUCTIONS*

---

*In light of our holding, we need not consider whether Dishong's conduct was reasonable under the third *Garner* category, which permits the use of deadly force to prevent the escape of a fleeing felon.